William D. SHANKS, M.D., Appellant,

v.

Bettie C. SHANKS, Respondent.

No. ED 82310.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 23, 2003.

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

Adrienne Schaffer–James, Clayton, for appellant.

Bettie C. Shanks, St. Louis, pro se.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

William Shanks ("Husband") appeals the denial of his motion to modify the parties' dissolution decree to terminate his maintenance obligation to Bettie Shanks ("Wife"). We affirm.

## I.  BACKGROUND

When the parties' marriage was dissolved in 1994, Husband was ordered to pay Wife $2,500 per month in maintenance. In 2001, Husband sought to terminate his maintenance obligation, claiming that there were substantial and continuing

changed circumstances that made the original maintenance order unreasonable.

At the bench trial, Husband presented evidence that Wife was unemployed at the time of dissolution, but had been employed part-time for the last six and a half years. She worked 20 hours per week, earning around $800 per month. Wife testified that she has never requested that her hours be increased, nor has she ever sought other full-time employment. Wife explained that the only reason she originally sought part-time employment was to help pay for the taxes on the maintenance she received. The evidence also showed that Wife occasionally performed clothing alterations for additional income and that she had been awarded two rental properties, which also generated some income, in the dissolution decree.

The trial court denied Husband's motion to modify without explanation. No findings of fact or conclusions of law were timely requested. Husband appeals.[1]

## II. DISCUSSION

■■■ We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Where a trial court makes no findings of fact, all fact issues are considered as having been found in accordance with the result reached. Rule 73.01(c); *Russ v. Russ,* 39 S.W.3d 895, 898 (Mo.App. E.D. 2001). We accept as true the evidence and all reasonable inferences favorable to the judgment and disregard all contrary evidence and inferences. *Persky v. Persky,* 96 S.W.3d 910, 913 (Mo.App. E.D.2003). Furthermore, we defer to the trial court's

greater opportunity to judge the credibility of witnesses. *Id.*

■■■ On a motion to modify, the movant has the burden to establish changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. Section 452.370 RSMo 2000; *Bauer v. Bauer,* 28 S.W.3d 877, 882 (Mo.App. E.D.2000). Changed circumstances sufficient to support modification must be proven by detailed evidence that renders the original maintenance award unreasonable. *Nelson v. Nelson,* 14 S.W.3d 645, 650 (Mo.App. E.D.2000).

In his first point on appeal, Husband claims that the court erred in not finding that Wife failed to make a good faith effort to seek full-time employment and achieve financial independence. The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time after dissolution may form the basis for modification of a maintenance award. *Hileman v. Hileman,* 909 S.W.2d 675, 679–80 (Mo.App. E.D.1995) (quoting *Markowski v. Markowski,* 736 S.W.2d 463, 466 (Mo.App. W.D.1987)).

Husband relies on *Markowski,* in which the wife's educational credentials and previous work experience, as well as her failure during a seven-year period to earn any income, justified termination of maintenance. *Markowski,* 736 S.W.2d at 466. Husband also relies on *Hartzell v. Hartzell,* in which this Court held that the wife's admission that she was able to seek employment, but simply chose never to do so, constituted a substantial change in circumstances justifying modification of a maintenance award. 976 S.W.2d 624, 626 (Mo.App. E.D.1998).

*Markowski* and *Hartzell* are distinguishable from this case. In both, the spouse

---

1. Wife has not filed a responsive brief.

receiving maintenance failed to seek any employment whatsoever, whether part-time or full-time. In this case, Wife was not working at the time of the dissolution, but has since obtained part-time employment and has maintained that position for the past six and a half years. Wife has supplemented her income with the rent she receives from her two properties. This was substantial evidence to support the conclusion that Wife was making reasonable efforts to attain self-sufficiency. The failure to seek *full-time* employment, by itself, is not overwhelming evidence that Wife failed to make a good faith effort to seek employment and achieve financial independence. Nor is the fact that she only sought employment to pay maintenance taxes overwhelming evidence that her efforts were not in good faith.

In sum, husband failed to prove that Wife's efforts—or lack thereof—are a change in circumstances sufficient to support termination of maintenance.

Point I is denied.

In his second point on appeal, Husband claims that the court erred because Wife's rental properties produced sufficient income to meet her reasonable needs. To warrant modification, the change in circumstances must involve a departure from prior known conditions, including those known at time of dissolution. *Hopkins v. Hopkins*, 591 S.W.2d 716, 719 (Mo.App. E.D.1979). Income produced from rental property received in the original dissolution decree is foreseeable and cannot be considered when determining the spouse's income on a motion to modify. *Lemmon v. Lemmon*, 958 S.W.2d 601, 604 (Mo.App. W.D.1998). Here, the reasonably foreseeable income produced as a result of the assets Wife received in the dissolution decree cannot constitute a change in circumstances justifying termination of maintenance.

Point II is denied.

## III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.