**Tamarie RUSTEMEYER,**
**Petitioner/Respondent,**

v.

**Ralph RUSTEMEYER,**
**Respondent/Appellant.**

**No. ED 83580.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 2, 2004.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Bruce Hilton, Kirkwood, MO, for appellant.

Alan E. Freed, St. Louis, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Husband, Ralph Rustemeyer, appeals from the trial court's judgment denying his motion to modify the decree of dissolution of his marriage to wife, Tamarie Rustemeyer. We affirm.

The parties' marriage was dissolved on February 22, 2002. The separation agreement, which was incorporated into the decree of dissolution, provided that husband pay wife child support of $2,000.00 per month for their two children, aged 11 and 8, and maintenance of $1,500.00 per month.

On July 9, 2002, husband filed a motion to modify the judgment as to his child support and maintenance. In December 2002, wife filed a motion to cite husband for contempt for failing to pay maintenance from August through December 2002.

The evidence established that husband was 39 years of age at the time of dissolution. He was involved in about six businesses. One, Comprehensive Insurance Marketing (CIM), was an insurance marketing business. CIM's major client was Conseco, which accounted for about 90 to 95 percent of CIM's business. In July 2001, Conseco notified CIM that it was terminating its contract. By January 2002, Conseco ceased doing business with CIM. Husband's income for 2001 was $308,829.00, and for 2002 it was $48,000.00. Husband made only two maintenance payments, in June and July 2002; and then stopped making maintenance payments after filing his motion to modify. During 2002, husband gambled at casinos and his losses amounted to $12,000.00. In addition, he invested $12,000.00 in a new business venture in Florida. Husband admitted that he had sufficient funds from which to pay maintenance, but did not do so.

Wife was 35 years of age when the marriage was dissolved. At the time of dissolution, she was not employed outside of the home and was a student pursuing an associate's degree at the junior college. The parties' two children attended a latchkey program after school. She had worked for about three months starting in March 2002 and earned about $3,333.00

monthly. Her full-time employment, however, terminated after the company dissolved. At the time of the hearings on the motions, she was working for her former employer about ten hours per week from her home. She was taking classes at the junior college, with the goal of obtaining a bachelor's degree within two years from a four-year university.

The trial court denied husband's motion to modify, "based upon the credible evidence." In a separate judgment, the court found husband in contempt for failing to pay maintenance, totaling $15,000.00. Husband appeals only from the trial court's denial of his motion to modify.[1]

Our review of a judgment on a motion to modify is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We do not retry the case, rather we accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party and disregard contradictory evidence. *Forbes v. Forbes*, 133 S.W.3d 508, 510–511 (Mo.App. E.D.2004). We recognize the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. *Id.* at 511.

The court did not issue any specific findings of fact, and the record does not indicate that either party requested such findings. Pursuant to Rule 73.01, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."

█ In his first point, husband charges error in the trial court's denying his motion to modify child support and maintenance because the evidence established that a decrease in his income constituted a substantial and continuing change in circumstances.

█ The provisions of any judgment respecting maintenance or support "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms" of the original award unreasonable. Section 452.370.1 RSMo 2000. The purpose of section 452.370 is to impose a stricter standard for modification, thereby discouraging recurring and insubstantial motions for modification. *Laffey v. Laffey*, 72 S.W.3d 143, 147 (Mo.App. W.D.2002). Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable. *Nelson v. Nelson*, 14 S.W.3d 645, 650 (Mo.App. E.D.2000). The party seeking modification has the burden to establish that the terms of the original decree have become unreasonable. *Id.*

█ A change in circumstances warranting modification of maintenance exists where the obligor spouse is unable to pay maintenance at the assigned rate or the recipient of the support could meet her reasonable needs with a lesser amount of maintenance. *Laffey*, 72 S.W.3d at 147–148. Although a decrease in the income of the spouse paying maintenance or an increase in the income of the spouse receiving maintenance are both relevant factors for the court to consider, neither alone requires the court to modify the amount of maintenance previously ordered. *Id.* at 148. The ultimate issue is whether these changes are sufficiently substantial and

---

1. Although the contempt and modification were consolidated for purposes of receiving evidence, they are separate for purposes of appeal. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 783 (Mo. banc 2003). The modification is therefore final and appealable. *Id.*

continuing so as to make the original terms of the decree unreasonable. *Id.* A change in circumstances must be unknown and unforeseeable at the time of the entry of the judgment that the spouse seeks to modify. To warrant modification, the change in circumstances must involve a departure from prior known conditions, including those known at time of dissolution. *Shanks v. Shanks,* 117 S.W.3d 718, 721 (Mo.App. E.D.2003).

Here, the evidence was that husband's decrease in income was foreseeable at the time of dissolution in February 2002. In the separation agreement, husband agreed to the support obligations, despite the fact that he was fully aware that his major client had already terminated its business relationship with his insurance marketing business. His decrease in income therefore was foreseeable. Expected changes are presumed to be taken into consideration in the original judgment. *Etling v. Etling,* 747 S.W.2d 285, 287 (Mo.App. E.D. 1988).

In addition, husband sought the modification in July 2002, only five months after the dissolution, on the basis of the loss of Conseco's business. At that time, he was in the process of pursuing another business opportunity in Florida. The short period of time between the dissolution and the motion for modification as well as his efforts to secure other business refute husband's claim that the reduction in his income was continuing. Husband did not establish that there was a substantial and continuing change in circumstances as a result of his decreased earnings. His first point is denied.

In his second point, husband contends that the trial court erred in not finding a substantial and continuing change in circumstances because the evidence was that he was unable to satisfy his own needs and meet his support obligations.

Although husband testified that he only earned $48,000.00 for the year 2002, during that time he also sustained gambling losses of over $12,000.00 and invested another $12,000.00 of his funds in a new business venture. Husband continued to drive a luxury automobile furnished by CIM. He also admitted that he had $1,200.00 in gambling winnings at home. Further, he testified that he had sufficient funds in the bank to pay wife maintenance, but did not do so. Husband did not establish that he could not meet his own needs as well as fulfill his support obligations. Husband's second point is denied.

In his third point, husband challenges the trial court's denial of his motion to modify because he demonstrated changed circumstances as a result of wife's unwillingness to become self-supporting.

A spouse, if physically capable, has a duty to become self-supporting. *Ramsey v. Ramsey,* 965 S.W.2d 365, 371 (Mo.App. E.D.1998). The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time after dissolution may form the basis for modification of a maintenance award. *Shanks,* 117 S.W.3d at 720.

Although wife had an affirmative duty to seek adequate employment to enable her to become self-sufficient, there was evidence that wife would require time to become self-supporting. As she had been at the time of dissolution, wife was enrolled in college classes. Her stated intent was to pursue a bachelor's degree in marketing. Although she had been employed full-time for about three months after the dissolution, she lost that job when the business ceased operation. She continued working for that same company, however, for about ten hours per week at home. At the time of the dissolution and again at the time of

the hearing on the modification, wife's earning capacity remained uncertain. The trial court did not err in failing to find a change of circumstances on the basis of wife's unwillingness to become self-supporting. Husband's third point is denied.

In his fourth point, husband alleges that the trial court erred in failing to grant a modification because wife's bad faith in becoming unemployed "shortly before the modification hearing" supported an imputation of income to her.

We disagree that husband established that wife acted in bad faith with regard to her employment. Husband filed his motion to modify in July 2002. Wife testified that she worked full-time for her employer from March to June 2002 and became unemployed when the company went out of business. The court was free to believe wife's testimony. Husband's fourth point is denied.

In his fifth point, husband claims that the court erred in failing to complete a Form 14 and to calculate the presumed amount of child support, as required by Rule 88.01. In the instant action, the court entered judgment denying husband's motion to modify without adopting either party's Form 14 and without completing its own Form 14.

In all cases involving the award of child support, the trial court is required to determine in writing the presumed correct support amount pursuant to Form 14. Rule 88.01; *Woolridge v. Woolridge*, 915 S.W.2d 372, 381 (Mo.App. W.D. 1996). This requirement applies to a modification proceeding. *Nelson*, 14 S.W.3d at 645. In the absence of findings of fact and conclusions of law, all facts upon which no specific findings have been made should be interpreted as having been found in accordance with the result reached. *Gerecke v. Gerecke*, 954 S.W.2d 665, 668 (Mo.App. S.D.1997).

Assuming, without deciding, that the trial court erred in failing to calculate the presumed amount of child support, the error was harmless. Under section 452.370, the court first had to determine if a substantial and continuing change in circumstances had occurred. Implicit in the court's denial of the motion to modify "based upon the credible evidence" is the finding that there was no change in circumstances. If there was no change in circumstances, there was no need for the court to calculate the presumed amount of child support. Unless the court determined that an alteration in the amount of child support was warranted, any calculation based on new evidence of the parties' income was superfluous. Father's fifth point is denied.

The judgment of the trial court is affirmed.[2]

CLIFFORD H. AHRENS, Presiding Judge, ROBERT G. DOWD, JR., Judge: Concur.

---

2. Wife's motion to strike husband's brief and dismiss the appeal for the failure to comply with Rule 84.04 is denied.