Mary Elizabeth RENDE, Appellant,

v.

Richard J. RENDE, Respondent.

No. ED 85982.

Missouri Court of Appeals, Eastern District, Division One.

March 14, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 2006.

Application for Transfer Denied May 30, 2006.

Sanford J. Boxerman, St. Louis, MO, for appellant.

Scott Trout, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Mary Elizabeth Rende ("wife") appeals the judgment of the trial court terminating the maintenance obligation of Richard J. Rende ("husband") to her. Wife claims the trial court's judgment was erroneous because husband failed to prove a change of circumstance so substantial and continuing as to make the maintenance obligation unreasonable. Wife also claims the trial court erred in denying wife's motion for attorneys' fees. We reverse and remand.

The marriage of wife and husband was dissolved on May 14, 1987. Husband appealed the dissolution, and the cause was remanded to the trial court to vacate the order, except the portion dissolving the marriage, for a new hearing. The trial court entered a subsequent dissolution decree, awarding wife maintenance of $6,900.00 per month. Husband filed a motion to modify this maintenance in 1992. Wife also filed a motion to modify. In a 1993 judgment, the court denied wife's motion to modify and granted husband's motion. Husband's maintenance obligation was reduced to $5,000.00 per month. Husband and wife both appealed the judgment of the court. This court affirmed the judgment. *Rende v. Rende,* 887 S.W.2d 739 (Mo.App.1994).

In 2002, husband filed a second motion to modify. The trial court entered its findings of fact, conclusions of law, order, and judgment, terminating husband's maintenance obligation to wife. The court also determined that each party was to pay his or her own attorneys' fees. Wife filed a motion to amend and/or for new trial, which was not ruled on by the trial court, and therefore, the motion was deemed denied pursuant to Rule 78.06 [1]. Wife now appeals.

In her first point on appeal, wife claims the trial court erred in terminating husband's maintenance obligation, because husband failed to prove a substantial and continuing change of circumstances as to make his maintenance obligation unreasonable.

---

**1.** Rule 78.06 states that, "[a]ny motion for new trial, motion to amend the judgment or opinion ... is overruled for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed."

The court determined that wife "failed to make a good faith effort to seek gainful employment in order to become self-sufficient and achieve financial independence since the entry of the Modification Judgment in 1993."

A spouse does have the duty to become self-supporting. *Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 871 (Mo.App. 2004); (citing *Ramsey v. Ramsey*, 965 S.W.2d 365, 371 (Mo.App.1998)). "The failure of the supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time after dissolution may form the basis for modification of a maintenance award." *Id.* (citation omitted).

Here, the trial court appears to have based its determination that wife failed to make a good faith effort to seek employment or attain financial independence upon her 2003 income. Although the evidence indicated that wife earned only $2,618 in 2003 from her real estate position, the court also found credible the evidence that wife earned $31,000.00 in the first six months of 2004. There was evidence that wife had previously been working for another experienced real estate agent who left for another company. After the agent left, wife did not have a job. She essentially had to start over and began finding her own clients and properties. This contributed to her significantly decreased income in 2003.

Husband states that the present case is analogous to *Markowski v. Markowski*, 736 S.W.2d 463 (Mo.App.1987). In *Markowski*, the court of appeals affirmed the decision of the trial court to terminate maintenance. The court noted that based upon the wife's education and experience, as well as her failure to earn any income at all in the years after the dissolution, the court did not abuse its discretion in finding a change of circumstances justifying termination of maintenance. *Id.* at 466. *Markowski* is distinguishable from the present case. As this court noted in *Shanks v. Shanks*, 117 S.W.3d 718, 720–21 (Mo.App. 2003), the spouse receiving maintenance in *Markowski* failed to seek *any* employment, either part time or full time. Here, wife clearly made efforts to attain employment through her real estate career. She suffered one setback when her employer left to join another company; however, this does not support a finding that she did not make reasonable efforts to secure employment and attempt to attain financial independence.

Wife also complains that the court's finding that her reasonable expenses per month were $5,245.68 was not supported by the evidence. Instead, wife claims that based on the evidence her reasonable expenses at the lowest were shown to be $6,815.97. However, regardless of whether the trial court's finding as to wife's reasonable expenses was supported by the evidence, the finding does not support the termination of maintenance. The court's other findings contradict such a termination.

The court credited the testimony of Tim Kaver as to the potential income wife could earn either as a nurse or as a real estate agent. Kaver testified that considering her training and education, wife could be employed in nursing[2], earning a starting wage of $35,000.00 per year. The court noted, based upon Kaver's testimony that the greatest amount of income wife could potentially earn was $40,000.00, working as a real estate agent. Even assuming this finding was supported by the evidence, and such an income could be imputed to wife based upon her current involvement in the

2. Wife had been employed as a nurse prior to the dissolution.

real estate profession, wife's reasonable expenses of $5,245.68, as determined by the trial court, cannot be met by an income of $40,000.00 per year. With reasonable expenses of $5,245.68 per month, wife would require an income of $62,948.16 per year. Clearly this exceeds the maximum income wife could earn as a real estate agent, as found by the trial court based upon the testimony of Kaver. Wife would still require an additional $22,948.16 per year to meet her reasonable expenses of $5,245.68 per month. Therefore, termination of maintenance was not supported by the evidence, and the trial court erred in terminating wife's maintenance.

In her second and final point on appeal, wife claims the trial court erred in denying her motion for attorneys' fees.

Section 452.355.1 RSMo (2000) provides that the trial court, after considering relevant factors, including the financial resources of the parties, may order one party to pay the attorneys' fees of the other party. We review the decision of the trial court to grant or deny attorneys' fees for abuse of discretion. *In re Marriage of Eikermann,* 48 S.W.3d 605, 613 (Mo.App. 2001) (citation omitted). We will reverse the decision of the trial court when the complaining party can show that the trial court's action was so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

As wife notes, the court in *Eikermann* determined that the trial court erred in denying a wife's motion for attorney's fees. 48 S.W.3d at 613. In making its decision, the court considered the evidence that the husband had "greater financial resources" than his wife, and the husband's motion to modify failed on the merits. *Id.* The court noted that, "[o]ne spouse's greater ability to pay is sufficient, however, to support an award of attorney's fees to the other

spouse." *Id.* (citation omitted). As a result, the court reversed the trial court's denial of the wife's request for attorneys' fees. *Id.*

Here, there was evidence that husband earned an income of $1.3 million in 2003. As previously noted, wife's income in 2003 was $2,618.00. In light of our decision in the present case, and given this vast disparity between wife's financial resources and husband's, the trial court abused its discretion in denying wife's request for attorneys' fees.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter judgment denying husband's motion to modify. Additionally on remand, the trial court is instructed to enter judgment against husband for reasonable attorneys' fees.

MARY K. HOFF, P.J., and PATRICIA L. COHEN, J., concur.