George KATSANTONIS, Respondent,

v.

Christine KATSANTONIS, Appellant.

No. ED 89386.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 2008.

Lawrence G. Gillespie, Clayton, MO, for Appellant.

Merle L. Silverstein, Clayton, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Christine Katsantonis ("Wife") appeals from the judgment modifying the amount of monthly maintenance she receives from George Katsantonis ("Husband"). Wife contends the trial court erred (1) in reduc-

ing her monthly maintenance amount because there was no substantial evidence to support the reduction, and (2) in failing to award her attorney's fees. We reverse and remand.

On July 13, 2005, the trial court entered a judgment dissolving the twenty-six-year marriage of the parties. Pursuant to the judgment, which incorporated a marital settlement and separation agreement, Husband agreed and was ordered to pay Wife $5,500 per month for maintenance. Husband also agreed to be responsible for all the expenses with regard to the parties' child, born November 27, 1985. At the time of the dissolution judgment, Husband's gross annual income was $215,575 and Wife was not employed and her gross annual income was zero.[1] The trial court did not impute income to Wife.

On April 18, 2006, Husband filed a motion to modify the judgment requesting a reduction in his maintenance obligation. Husband asserted there was a substantial and continuing change in his circumstances because his income was substantially lower than was believed at the time of the judgment and his maintenance obligation and expenses for the parties' child used almost all of his monthly income. Following a hearing on the motion to modify, the trial court found the evidence showed Husband's gross annual income for 2005 was $188,842. The trial court, however, found there was "no credible testimony that any change in [Husband's] gross annual income is of a substantial and continuing change of circumstances." The trial court further found that Wife has a greater earning potential as an audiologist than her current clerical employment and that she is financially underemployed.

The trial court stated that Wife's income and earning power has increased substantially since the entry of the dissolution judgment. The trial court found this was a substantial and continuing change so as to make the original terms of the maintenance award unreasonable. The trial court entered a judgment reducing Husband's maintenance obligation to $3,000 per month. The trial court also declined to award either party any attorney's fees. This appeal follows.

Our review of a trial court's judgment modifying a dissolution decree is limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Payne v. Payne*, 206 S.W.3d 379, 384 (Mo.App. E.D. 2006).

■ In her first point, Wife asserts the trial court erred in reducing Husband's monthly maintenance obligation because there was no substantial evidence to support the reduction. Wife argues her subsequent employment did not constitute a substantial and continuing change of circumstances. We agree.

■ The provisions of any judgment respecting maintenance or support "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms" of the original award unreasonable. Section 452.370.1, RSMo 2000.[2] Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable. *Nelson v. Nelson*, 14 S.W.3d 645, 650 (Mo.App. E.D.2000). The party seeking modification has the burden

---

1. Prior to the dissolution of the parties' marriage, Wife had been employed earning annual income of $36,000 in 2001 and $24,000 in 2002.

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

to establish that the terms of the original decree have become unreasonable. *Id.*

 A change in circumstances warranting modification of maintenance exists where the obligor spouse is unable to pay maintenance at the assigned rate or the recipient of the support could meet her reasonable needs with a lesser amount of maintenance. *Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 870 (Mo.App. E.D.2004). Although a decrease in the income of the spouse paying maintenance or an increase in the income of the spouse receiving maintenance are both relevant factors for the court to consider, neither alone requires the court to modify the amount of maintenance previously ordered. *Id.* The ultimate issue is whether these changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable. *Id.* at 870–71. A change in circumstances must be unknown and unforeseeable at the time of the entry of the judgment that the spouse seeks to modify. *Id.* at 871. To warrant modification, the change in circumstances must involve a departure from prior known conditions, including those known at time of dissolution. *Id.*

Here, the trial court based its reduction in Husband's monthly maintenance award on Wife's financial earning capacity. The trial court specifically stated:

> [t]he Court also finds, through credible testimony, that [Wife] has significantly more financial earning power than her current income level. Although unemployed at the time of the Marital Separation and Settlement Agreement, [Wife] has since taken a clerical position earning approximately $8.50 per hour to $9.00 per hour at the [Saint] Louis Art Museum. This rate of pay on an annual basis equates to approximately $18,500 gross annual [income]. This Court, however, finds [Wife] financially under-

employed. The Court heard credible testimony that [Wife] now possesses a graduate degree in audiology. The Court, furthermore, heard no credible testimony as to why [Wife's] would be unemployable as an audiologist. Thus, it is reasonable to believe that [Wife] has a greater earning potential as an audiologist than her current clerical employment.... Therefore, based on credible testimony and evidence presented at trial, the Court finds that [Wife's] income and earning power has increased substantially since the entry of the Judgment/Decree of Dissolution on July 13, 2005.

Based on those findings, the trial court held there were substantial and continuing changes so as to make the original terms of the maintenance award unreasonable. We find the trial court's determination is not supported by the evidence.

The record shows there was no substantial change in circumstances between entry of the dissolution judgment and the filing of Husband's motion to modify some nine months later, or at the time of the hearing on the motion some fourteen months after the entry of the judgment. Here, Husband sought modification of his maintenance award based on a reduction in his income and the trial court specifically found there was no change of a substantial and continuing nature with regard to Husband's income. Husband did not allege any change in circumstance concerning Wife. At the proceedings on the motion to modify, Wife testified she was employed at the gift shop at the Saint Louis Art Museum at an hourly rate of between $8.50 and $9.00, with a yearly income of approximately $20,000. Wife's employment in and of itself is not sufficient to show a substantial and continuing change in circumstances so as to make the original terms of

the decree unreasonable. *Rustemeyer,* 148 S.W.3d at 870.

Wife also testified that she had a master's degree in audiology from Vanderbilt University. Wife further testified that she had worked as an audiologist in the past. In order to demonstrate a change in circumstances to justify a modification of maintenance, there must be a departure from prior known conditions, including those known at time of dissolution. *Id.* at 871. There was no evidence that this was new information or a recently acquired degree. Wife's master's degree in audiology is not a new condition. The trial court's finding that Wife's income and earning power has increased substantially since the entry of the dissolution judgment on July 13, 2005 is not supported by the evidence. The fact that Wife had obtained a master's degree in audiology prior to the date of the dissolution judgment is not sufficient to be a substantial and continuing change from the date of the dissolution judgment.

▬ The question then becomes whether the trial court's findings that Wife is financially underemployed and could be employed as an audiologist is supported by the evidence. A spouse does have the duty to become self-supporting. *Rende v. Rende,* 191 S.W.3d 56, 58 (Mo.App. E.D. 2006). The failure of a supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time may form the basis for modification of a maintenance award. *Id.*

At the proceedings on the motion to modify, Wife was asked whether she had a master's degree in audiology, to which she replied yes. Wife was then asked whether she had been previously employed as an audiologist, to which she replied yes. There were no further questions regarding Wife's employment or potential employ-ment as an audiologist. There was no evidence of Wife's income when she worked as an audiologist or how much an audiologist typically earns. Wife was not working at the time of the dissolution, but did obtain employment in the fourteen months following the dissolution judgment. There is not sufficient evidence to support the trial court's finding that Wife could be employed as an audiologist at this time in her life or that Wife is financially under-employed.

The trial court erred in reducing Husband's monthly maintenance award from $5,500 to $3,000 because the evidence does not support a finding of a substantial and continuing change of circumstances.

▬ In her second point, Wife maintains the trial court erred in failing to award her attorney's fees. We agree.

▬ Section 452.355.1 provides that the trial court, after considering relevant factors, including the financial resources of the parties and the merits of the case, may order one party to pay the attorney's fees of the other party. We review the decision of the trial court to grant or deny attorneys' fees for abuse of discretion. *Rende,* 191 S.W.3d at 59. We will reverse the decision of the trial court when the complaining party can show that the trial court's action was so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.* Financial inability of the spouse to pay attorney's fees is not a requirement for awarding attorney's fees. *Russell v. Russell,* 210 S.W.3d 191, 199 (Mo.2007). On the other hand, one party's greater ability to pay is sufficient to support an award of attorney's fees. *Id.*

Here, the trial court found the parties "are both financially capable of paying reasonable attorneys' fees," and declared each party responsible for their own attorney's

fees. The evidence showed Husband's gross annual income for 2005 was $188,842, while Wife's income for 2005 was $35,667 with maintenance accounting for $27,500 of that income. In light of our decision in the present case, and given the disparity between Wife's financial resources and Husband's, the trial court abused its discretion in denying Wife's request for attorney's fees.

The judgment is reversed and the cause is remanded to the trial court with instructions to enter judgment denying Husband's motion to modify and ordering Husband to continue paying maintenance to Wife in the amount of $5,500 per monthly. On remand, the trial court is instructed to enter judgment against Husband awarding Wife attorney's fees in the amount of $4,000, which the trial court previously found to be the reasonable amount in this case.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.