In re the MARRIAGE OF Tanya L. LINDHORST and Eric J. Lindhorst.

Tanya L. Lindhorst, n/k/a Tanya L. Templeton, Appellant,

v.

Eric J. Lindhorst, Respondent.

No. SC 90996.

Supreme Court of Missouri, En Banc.

June 14, 2011.

As Modified on Denial of Rehearing Aug. 30, 2011.

Craig J. Hoefer, Wildwood, for the mother.

Margaret A. Smith, Eric J. Lindhorst, Larry A. Reed, Lindhorst Law Firm LLC, St. Louis, for the father.

RICHARD B. TEITELMAN, Judge.

Tanya Templeton (formerly Tanya Lindhorst) appeals from the trial court's judgment modifying a dissolution decree. Ms. Templeton asserts the trial court erred in decreasing the maintenance award from $1,000 per month to $500 per month and in failing to make the modified child support award retroactive. The judgment decreasing maintenance is reversed because the trial court erred in imputing $1,600 per month in income that Ms. Templeton could earn though part-time work while assuming that she would continue to receive $1,215.60 per month in Social Security disability benefits. The judgment also is reversed to the extent that the modified child support award is not made retroactive. In all other respects, the judgment is affirmed.

## FACTS

Ms. Templeton and Eric Lindhorst divorced in 1998. The couple had two children. The dissolution decree ordered Mr. Lindhorst to pay $1,100 in child support and $1,000 in maintenance. When the dissolution decree was entered, Ms. Templeton was employed as a registered nurse earning $1,387 per month. Mr. Lindhorst was employed as attorney and was earning $5,500 per month.

In 2003, the Social Security Administration determined that Ms. Templeton was eligible for disability benefits due to rheumatoid arthritis, anemia and hypothyroidism. In 2008, Mr. Lindhorst filed a motion to modify the decree by reducing his child support obligations and eliminating his maintenance obligations. Ms. Templeton filed a motion to modify requesting an increase in child support and a college provision. As of the date of trial on the motion for modification, Ms. Templeton was receiving $1,215.60 in disability benefits for herself and $668 per month for her two children. Mr. Lindhorst earned $125,000 per year from his law practice.

At trial, Ms. Templeton's treating physician testified that Ms. Templeton's arthritis left her unable to work. Mr. Lindhorst's expert medical witness testified that his observations of Ms. Templeton on surveillance videos led him to conclude that Ms. Templeton was not disabled and could return to work. Mr. Lindhorst also offered testimony from a vocational rehabilitation expert who testified that Ms. Templeton could earn a full time annual salary of up to $52,000 based upon a sedentary level of activity.

The trial court found that Ms. Templeton was not totally disabled and was able to perform part-time sedentary work. The court concluded that Ms. Templeton could work 20 hours per week and could earn $20 per hour for 48 weeks out of the year for an average income of $1,600 per month. The trial court recognized the imputed income from part-time employment as "income in addition to her Social Security disability benefit." The court reduced Mr. Lindhorst's monthly maintenance obligation from $1000 to $500 but increased his monthly child support obligation from $1,100. to $1,273. The trial court also

ordered Mr. Lindhorst to pay 85 percent of the children's post-secondary education costs. The trial court did not make the modified child support award retroactive to the date that Ms. Templeton served her motion to increase Mr. Lindhorst's child support obligations. Ms. Templeton appeals.

## ANALYSIS

Appellate review of a trial court's judgment modifying a dissolution decree is limited to determining whether the judgment is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Katsantonis v. Katsantonis*, 245 S.W.3d 925, 927 (Mo.App.2008). The provisions of any judgment respecting maintenance or support "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms" of the original award unreasonable. Section 452.370.1, RSMo Supp.2007. Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable. *Katsantonis*, 245 S.W.3d at 927. The party seeking modification has the burden to establish that the terms of the original decree have become unreasonable. *Id.*

### I. Maintenance

Ms. Templeton argues that the trial court erred in reducing Mr. Lindhorst's monthly maintenance obligation because there is not substantial evidence to support the judgment and because the

court erred as a matter of law in decreasing Mr. Lindhorst's monthly maintenance obligations because the judgment erroneously imputes income from part-time employment while assuming the continued receipt of Social Security disability benefits.[1] The latter argument is dispositive. The trial court found that Ms. Templeton could work more than 80 hours per month and earn $1,600 per month from employment while still receiving Social Security disability benefits. Ms. Templeton may be able to work more than 80 hours per month and earn $1,600, but she cannot receive Social Security disability benefits simultaneously.

Federal social security disability benefits are intended to "replace income lost due to the recipient's inability to work." *Weaks v. Weaks*, 821 S.W.2d 503, 506 (Mo. banc 1991). The applicable regulations provide that disability benefits will stop if the recipient engages in "substantial gainful activity." 20 C.F.R. 404.401a. "Substantial gainful activity" is any work activity that involves significant mental or physical activities and is undertaken for pay or profit. 20 C.F.R. 404.1572. A recipient is deemed to have engaged in substantial gainful activity if the recipient works more than 80 hours per month or earns a monthly net income of more than $530, adjusted for national wage growth. 20 C.F.R 404.1592. As of 2008, a nonblind recipient of disability benefits was deemed to have engaged in substantial gainful activity if he or she earned $940 per month. As of 2011, the amount is $1,000 per month.

---

1. Ms. Templeton argues that there was no substantial evidence to support a finding that she was able to obtain employment and that Mr. Lindhorst's maintenance obligations should be reduced accordingly. The judgment was supported by substantial evidence. First, a social security determination is not binding on Missouri courts. *In re Marriage of Liljedahl*, 942 S.W.2d 919, 925 n. 11 (Mo.App.

1996). Second, Ms. Templeton and Mr. Lindhorst offered qualified medical experts who offered differing opinions about Ms. Templeton's disability. The trial court found that Mr. Lindhorst's expert was more persuasive. Given the standard of review, there are not sufficient grounds for reversing the trial court's factual determinations.

In reducing Mr. Lindhorst's monthly maintenance obligation, the trial court imputed to Ms. Templeton the ability to work 80 hours a month and earn $1,600 per month. That level of work and income would constitute "substantial gainful activity" disqualifying Ms. Templeton from continued Social Security disability benefits. *See* 20 C.F.R. 404.401a. Consequently, the trial court erred in considering both the imputed income and Ms. Templeton's Social Security disability benefit as a basis for reducing Mr. Lindhorst's monthly maintenance obligation.

The judgment with respect to Mr. Lindhorst's maintenance obligations is reversed.

### II. *Retroactive Child Support*

■ Ms. Templeton also argues that the trial court erred by not making the modified child support award retroactive to the date on which Mr. Lindhorst was served with the motion to modify. St. Louis County Local Rule 68.9(1) provides that modified child support is retroactive. However, the effective date of a modification is left to the discretion of the trial court and will not be reversed on appeal unless the appellant demonstrates an abuse of discretion. *Payne v. Payne*, 206 S.W.3d 379, 386 (Mo.App.2006).

The trial court declined to make the child support award retroactive in part because of Ms. Templeton's receipt of Social Security benefits for herself and for her children. In so doing, the trial court overcame the presumption of retroactivity by relying on the assumption that Ms. Templeton's financial situation included both the $1,600 in imputed income and the continued receipt of Social Security disability benefits. As previously determined, Ms. Templeton cannot earn $1,600 per month from employment while continuing to receive Social Security disability benefits. Therefore, that part of the judgment declining to make the increased child support obligation retroactive is reversed. The remainder of the judgment is affirmed.

The case is remanded.

All concur.