Lisa P. Page, Presiding Judge
Veronica Wagner ("Veronica") appeals the modification court's judgment granting, in part, Ulrich Wagner's ("Ulrich") motion to modify his maintenance obligation.[1] Finding no error, we affirm.
BACKGROUND
A. Dissolution Judgment
On or about May 28, 2004, the Circuit Court of St. Louis County dissolved the forty-year marriage between Ulrich and *337 Veronica, pursuant to a consent judgment ("Dissolution Judgment"). At the time of the entry of the Dissolution Judgment, Veronica was 63 years old, and Ulrich was 64 years old. Both parties had been retired for several years, and there remained no un-emancipated children.
The Dissolution Judgment provided, inter alia , that Ulrich and Veronica would continue to jointly own, as tenants-in-common, a business entity designated as Wagner Enterprises, LLC ("Wagner Enterprises"). Wagner Enterprises held and was responsible for leasing a large piece of business rental property located in St. Louis County. The parties agreed to equally divide any income derived from Wagner Enterprises after expenses. At the time the Dissolution Judgment was entered, each party received approximately $5,384 in pre-tax income per month from Wagner Enterprises.
In addition to the Wagner Enterprises income, Veronica was also earning $274 per month in Social Security retirement benefits, for a monthly income of approximately $5,658.[2] Ulrich was also earning an additional $1,105 per month in Social Security retirement benefits, and his post-tax monthly income was approximately $6,526.
Furthermore, the Dissolution Judgment, without calculating each party's reasonable monthly expenses,[3] ordered Ulrich to pay Veronica the sum of $791 per month as and for modifiable maintenance. Ulrich was also ordered to pay the cost of Veronica's supplemental healthcare insurance, estimated to cost approximately $150 per month.
B. Modification Proceedings
Almost eleven years after the entry of the Dissolution Judgment, Ulrich filed a motion to modify ("Motion to Modify") his maintenance obligation. Ulrich's Motion to Modify averred that a substantial and continuing change of circumstances had transpired since the entry of the Dissolution Judgment which made his maintenance obligations unreasonable. Specifically, Ulrich argued, inter alia , Veronica could now satisfy her reasonably monthly needs without contribution from Ulrich, and Ulrich could no longer afford the monthly price of Veronica's supplemental healthcare insurance.
After an extensive and expensive period of discovery,[4] Ulrich's Motion to Modify proceeded to trial in April 2016. In August 2016, the modification court entered is judgment ("Modification Judgment") terminating Ulrich's maintenance obligation, but denying Ulrich's request to terminate his obligation to pay Veronica's supplemental healthcare insurance.[5]
The Modification Judgment extensively detailed the financial circumstances of the parties. Veronica's post-tax monthly income had increased to $6,396 per month as a result of additional income she received from Wagner Enterprises, Social Security, and a small pension. Similarly, the modification *338 court found Ulrich's post-tax monthly income had increased to $8,764 per month, as a result of additional income he also received from Wagner Enterprises and Social Security.
Additionally, the modification court determined that the reasonable monthly expenses of Ulrich and Veronica amounted to $6,380 and $6,386, respectively. Finding that Veronica could satisfy her monthly reasonable needs without contribution from Ulrich, the Modification Judgment terminated Ulrich's maintenance obligation. Finally, the motion court ordered Veronica to pay $7,000 of Ulrich's attorney's fees.
This appeal follows.
DISCUSSION
Veronica contends, in two separate points on appeal, the modification court erred in entering the Modification Judgment. In her first point on appeal, Veronica avers the modification court erred in finding a change in circumstance sufficient to modify the Dissolution Judgment, in that Veronica's increased-income was "foreseeable" at the time the Dissolution Judgment was entered.
Second, Veronica argues the modification court erred in denying her request for attorney's fees and ordering her to pay $7,000 of Ulrich's attorney's fees.
Point I-Substantial and Continuing Changed Circumstances
Veronica's first point maintains that a substantial and continuing change in circumstance did not occur because Veronica's increased income from Wagner Enterprises was foreseeable at the time the Dissolution Judgment was entered. Specifically, Veronica argues the increased -income she receives from Wagner Enterprises was foreseeable at the time of dissolution and, thereby, cannot form the basis for a change in circumstances. We disagree.
Standard of Review
In a court-tried action to modify a maintenance award, we conduct our review in accordance with the standard enunciated in Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). Lindo , 517 S.W.3d at 562. "[T]his court is to affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." Morgan v. Morgan , 497 S.W.3d 359, 363 (Mo. App. E.D. 2016).
We give great deference to the modification court's greater opportunity to adjudge the credibility of witnesses and the weight given opinion evidence. Hopkins v. Hopkins , 449 S.W.3d 793, 797 (Mo. App. W.D. 2014). "This court accepts as true the evidence and inferences favorable to the trial court's judgment." Barr v. Barr , 922 S.W.2d 419, 420 (Mo. App. W.D. 1996).
Analysis
The modifiable maintenance provisions of a dissolution decree are subject to Section 452.370, which permits a modification only " 'upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.' " Lindo v. Higginbotham , 517 S.W.3d 558, 562 (Mo. App. E.D. 2016) (quoting Fowler v. Fowler , 21 S.W.3d 1, 4 (Mo. App. E.D. 2000) ); see also Section 452.370.1. This statutory standard for modification is designed to be "strict" so as to discourage and prevent recurrent and insubstantial motions for modification. Laffey v. Laffey , 72 S.W.3d 143, 147 (Mo. App. W.D. 2002). Accordingly, the moving party bears the burden of establishing a substantial and continuing change with detailed evidence, which renders the original award unreasonable.
*339 Sprouse v. Sprouse , 969 S.W.2d 836, 838 (Mo. App. W.D. 1998).
As a consequence of this "strict" statutory standard set forth by our Legislature, not every change in circumstances is sufficient to satisfy this substantial burden. For instance, although "a decrease in the income of the spouse paying maintenance or an increase in the income of the spouse receiving maintenance are both relevant facts for the court to consider, neither alone requires the court to modify the amount of maintenance previously ordered." Rustemeyer v. Rustemeyer , 148 S.W.3d 867, 870 (Mo. App. E.D. 2004).
Rather, in determining whether a "substantial change" has occurred, our trial courts are instructed to consider all the financial resources of both parties, Swartz v. Johnson , 192 S.W.3d 752, 755 (Mo. App. W.D. 2006), which includes a "wide range of circumstances" and is not limited to those factors expressly enumerated in Section 452.370, Schneithorst v. Schneithorst , 473 S.W.3d 239, 252-53 (Mo. App. E.D. 2015). See also Rustemeyer , 148 S.W.3d at 870-71 ("The ultimate issue is whether these changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable.").
In a modification proceeding, "[t]he inquiry becomes whether there has been an increase in expenses, and other factors, in making the ultimate decision as to whether the spouse still needs financial assistance to meet [his or her] reasonable needs." McKown v. McKown , 280 S.W.3d 169, 173 (Mo. App. W.D. 2009). Generally, a substantial and continuing change in circumstances is one that "renders the obligor unable to pay maintenance at the assigned rate or one that allows the recipient to meet his or her reasonable needs with less maintenance. " Lee v. Gornbein , 124 S.W.3d 52, 56 (Mo. App. W.D. 2004) (emphasis added).
Case law has expanded this statutory burden, requiring the change in circumstances "be unknown and unforeseeable at the time of the entry of the [original] judgment that the spouse seeks to modify." Rustemeyer , 148 S.W.3d at 871. Hence, a maintenance modification is only permitted if the change in circumstances involve a "departure from prior known conditions, including those known a [the] time of dissolution." Katsantonis v. Katsantonis , 245 S.W.3d 925, 928 (Mo. App. E.D. 2008). Rationally, when an expected event or circumstance occurs, it does not constitute a material change in circumstances for purposes of modifying maintenance. See , e.g. , Rustemeyer , 148 S.W.3d at 871 (the husband's attempt to modify his maintenance obligation was appropriately denied because the husband's decrease in income was known when the original dissolution judgment was entered and, therefore, was "foreseeable").
Nevertheless, legislative measures enacted by the Missouri General Assembly and decades of case law hold firm to this State's long-declared public policy that maintenance is awarded for the sole purpose of "providing support until the more dependent spouse can achieve a 'reasonable self-sufficiency' in light of the statutory factors." Hammer v. Hammer , 139 S.W.3d 239, 244 (Mo. App. W.D. 2004) (quoting in part Cates v. Cates , 819 S.W.2d 731, 734-735 (Mo. banc 1991) ). "Maintenance issues for support and only support ... [and] serves the purpose of permitting the receiving spouse to readjust financially during a period of dependency." Cates , 819 S.W.2d at 735-36 (emphasis in original); see also Royal v. Royal , 617 S.W.2d 615, 619 (Mo. App. W.D. 1981) ("These factors are to be tempered by a policy of encouraging the self-sufficiency of the parties following *340 separation[.]"). Maintenance should never be awarded as a reward or punishment, and certainly should not serve "the purpose of building an estate or accumulating capital." Arndt v. Arndt , 519 S.W.3d 890, 900 (Mo. App. E.D. 2017) ; Hammer , 139 S.W.3d at 244 ("Maintenance is about the reasonable need of the more dependent spouse.").
These well-established legal principles must always be applied whether maintenance is awarded in a dissolution judgment, pursuant to Section 452.335, or in a modification proceeding, pursuant to Section 452.370. See In re Marriage of Trimble , 978 S.W.2d 55, 58 (Mo. App. S.D. 1998) ("It is well settled that under § 452.335.1 a party seeking maintenance must establish 'need' before such an award can be made."); Barden v. Barden , 463 S.W.3d 799, 804 (Mo. App. E.D. 2015) ("A change in circumstances rises to the requisite statutory level when it renders the obligor spouse unable to pay maintenance at the assigned rate or when the recipient of the support could meet his or her reasonable needs with a lesser amount of maintenance. ") (emphasis added). If a spouse can satisfy his or her own reasonable needs without contribution from the other spouse, a maintenance award is not appropriate.
In this matter, pursuant to the May 2004 Dissolution Judgment-entered by consent of the parties via a marital separation agreement-Ulrich was ordered, inter alia , to pay Veronica the sum of $791.00 per month as and for modifiable maintenance. Upon Ulrich's Motion to Modify, the modification court terminated Ulrich's obligation to pay Veronica monthly maintenance, concluding Veronica can now satisfy her monthly reasonable needs without support from Ulrich, finding each party's financial circumstances as follows:
Monthly Income Monthly Income Reasonable Monthly 2004 (Post-Tax) 2016 Expenses (2016) Ulrich $6,526.00 $8,764.00 $6,380.00 Veronica $5,658.00 $6,396.00 $6,386.00
It is uncontested that, since the entry of the Dissolution Judgment twelve years ago, the incomes of both Ulrich and Veronica have increased. But see McKown , 280 S.W.3d at 172 ("A change in income by itself does not justify the modification of maintenance."). The source of the monthly income increases for both Ulrich and Veronica derive from their receipt of additional Social Security retirement benefits and additional earnings from Wagner Enterprises.[6]
Furthermore, as in the Dissolution Judgment, it is undisputed Ulrich now fully retains the ability to pay Veronica monthly maintenance, if her reasonable needs would so require. See Theilen v. Theilen , 911 S.W.2d 317, 319 (Mo. App. W.D. 1995) ("The husband's ability to pay is an important consideration in determining whether reduction of maintenance is appropriate."); see also Farnsworth v. Farnsworth , 553 S.W.2d 485, 487 (Mo. App. 1977) (in determining the reasonableness of a maintenance award upon modification, "courts balance the husband's ability to pay against the wife's reasonable needs").
Additionally, contrary to statements made by Veronica's counsel at oral argument, *341 Veronica testified during the modification proceedings as follows:
Q [Ulrich's Attorney]: Okay. And with regard to his request to terminate the maintenance, you could-you could pay your bills, but you feel that you have an entitlement to that because of the time you worked-
A [Veronica]: Right.
Q: -at the business?
A: Right.
Q: I have no further-
A: I-I feel for me, I'm entitled to it, yes.
Q: But you could make it without it, but you just don't think that'd be fair?
A: I-I don't think it's fair, no.
Clearly, by her own testimony, Veronica concedes that she can now meet her monthly reasonable needs without financial support from Ulrich,[7] even though she believes it is only fair that he continue to pay her maintenance.[8] Greenberg v. Greenberg , 454 S.W.3d 390, 394 (Mo. App. E.D. 2015) ("If ... the obligee spouse becomes able to meet her reasonable needs without the original award, a substantial and continuing change may occur that justifies modifying or terminating maintenance."); Gornbein , supra ; but see Eaton v. Bell , 127 S.W.3d 690, 696 (Mo. App. W.D. 2004) ("Where ... the recipient spouse's income has increased, but her earnings remain insufficient to meet her needs, a change in circumstances has not occurred.").
Even though Veronica has the financial wherewithal to meet her reasonable needs, she asserts the modification court erred in terminating Ulrich's maintenance obligation. Veronica relies upon Shanks v. Shanks , 117 S.W.3d 718 (Mo. App. E.D. 2003) and Lemmon v. Lemmon , 958 S.W.2d 601 (Mo. App. W.D. 1998) for the proposition that her increased-income from Wagner Enterprises was foreseeable when the Dissolution Judgment was entered.[9]
Veronica seeks to dramatically expand Shanks and Lemmon , arguing both cases stand for the proposition that a modification court is permanently prohibited from considering any change in income received by the recipient-spouse from property awarded to that spouse during the dissolution because said income is "foreseeable." We decline to adopt Veronica's interpretation because such a holding produces absurd results.[10]
*342 Shanks and Lemmon stand for the limited proposition that "reasonably foreseeable income produced as a result of the assets [the recipient-spouse] received in the dissolution decree does not constitute a change that supports modification of the maintenance provision of the decree." Theilen v. Theilen , 911 S.W.2d 317, 319 (Mo. App. W.D. 1995). Here, unlike Shanks and Lemmon , when Ulrich and Veronica agreed to a maintenance award of $791, the Dissolution Judgment explicitly accounted for the reasonably foreseeable monthly pre-tax income of $5,384 that Veronica was to receive from Wagner Enterprises each month. Even with this income from Wagner Enterprises, the parties agreed Veronica could not satisfy her reasonable needs and, therefore, was entitled to maintenance to which Ulrich had the ability to pay. See Section 452.335. The Dissolution Judgment did not (and should not have) speculated on any future increase (or decrease) each party might derive from Wagner Enterprises. In re Marriage of Hall , 801 S.W.2d 471, 472-73 (Mo. App. S.D. 1990) ("Maintenance should not be conditioned upon happenings in the future unless such evidence shows the circumstances of the parties would likely change in the future.").
Since the income-producing capacity of Wagner Enterprises was clearly known to the parties in 2004 when the Dissolution Judgment was entered, the "foreseeability" test set forth in Shanks and Lemmon is inapplicable. Future increases or decreases to that income are subject solely to the "strict" change in circumstances as set forth, supra. To hold otherwise, Veronica's ability to meet her own reasonable needs would never form the basis for a modification. This ludicrous result would thwart the long-standing purpose of maintenance, as discussed, supra , because the recipient-spouse's ability to meet his or her reasonable needs is the ultimate purpose of maintenance.
When the recipient-spouse can meet his or her reasonable needs without further contribution from the other spouse, unless otherwise set forth in the dissolution judgment, then a substantial and continuing change in circumstances has occurred, requiring a maintenance modification analysis.[11] Greenberg , 454 S.W.3d at 394 ("If ... the obligee spouse becomes able to meet her reasonable needs without the original award, a substantial and continuing change may occur that justifies modifying or terminating maintenance.").
For the foregoing reasons, Point I is denied.
Point II-Attorney's Fees
In her second point on appeal, Veronica argues the modification court erred in awarding Ulrich $7,000 in attorney's fees and in denying Veronica's request for attorney's fees. Specifically, Veronica contends the disparity in financial resources favors Ulrich, Ulrich's motion to modify was meritless, and Ulrich's allegedly unscrupulous conduct during the modification *343 proceedings increased Veronica's attorney's fees.
Standard of Review
"Generally speaking, parties to a domestic relations case are responsible for paying their own attorney's fees." Ethridge v. Ethridge , 239 S.W.3d 676, 684 (Mo. App. E.D. 2007). However, pursuant to Section 452.355.1, the trial court is authorized to award attorney's fees arising out of a dissolution proceeding, including modifications thereof. Meierer v. Meierer , 876 S.W.2d 36, 37 (Mo. App. W.D. 1994) ; see , e.g. , Morgan , 497 S.W.3d at 377-380 (awarding attorney's fees in a modification proceeding). As an expert on attorney's fees, our modification courts enjoy broad discretion in awarding attorney's fees under the auspices of Section 452.355. Potts v. Potts , 303 S.W.3d 177, 196 (Mo. App. W.D. 2010). An award of attorney's fees will be reversed only upon a finding of an abuse of discretion. Thorp v. Thorp , 390 S.W.3d 871, 881 (Mo. App. E.D. 2013).
Analysis
In adjudicating a party's request for attorney's fees under the authority of Section 452.355.1, the modification court shall consider "all relevant factors, including [1] the financial resources of the parties, [2] the merits of the case, and [3] the actions of the parties during the pendency of the action." Miller v. Miller , 184 S.W.3d 174, 186 (Mo. App. S.D. 2006). The requesting-party bears the burden of proving his or her entitlement to such an award. Davis v. Schmidt , 210 S.W.3d 494, 512 (Mo. App. W.D. 2007).
1. The Financial Resources of the Parties
Initially, Veronica's argument is premised upon the alleged financial disparity as between the parties. However, the evidence adduced during the modification proceeding reveals this to be wholly disingenuous.
First, Veronica has a much greater amount of savings as compared to Ulrich. However, the modification court found Veronica "has been a superior saver" since the entry of the Dissolution Judgment, whereas Ulrich appears to have been much more improvident with his finances. Veronica should not be "punished" for doing that which Ulrich was able, but elected not to, do.[12] Erickson v. Blackburn , 169 S.W.3d 69, 82 (Mo. App. S.D. 2005) (" '[F]inancial resources' of the parties contemplates consideration of which party is best financially able to bear attorney's fees.").
Second, without dispute, Ulrich has a greater monthly income than Veronica by the sum of $2,368. McNair v. McNair , 987 S.W.2d 4, 8 (Mo. App. W.D. 1998) (although one party's inability to pay his or her attorney's fees is not a requirement for awarding attorney's fees, one party's greater ability to pay is sufficient to support an award of attorney's fees to the other party); Crews v. Crews , 949 S.W.2d 659, 672 (Mo. App. W.D. 1997) ("[A] mere showing of financial inability to pay is not sufficient, in and of itself, to reverse the trial court's award of attorney's fees.").
Thus, at the very least, Ulrich and Veronica appear to enjoy similar abilities to pay their own attorney's fees. Given only these facts, had the modification court exclusively premised its award of attorney's fees upon the first factor-the financial resources of the parties-said award of attorney's *344 fees would not have been supported by competent and substantial evidence. However, the modification court did not base its award of attorney fees solely upon the financial resources of the parties. In re Marriage of Baker , 986 S.W.2d 950, 958 (Mo. App. S.D. 1999) ("[T]he financial state of a party seeking an attorney fee award is only one factor to consider[,]" and the ability or inability of the party seeking attorney's fees to pay "is not determinative.").
2. The Merits of Ulrich's Motion to Modify
Twelve years after the entry of the Dissolution Judgment, Ulrich prosecuted his first Motion to Modify, wherein he largely succeeded both at the modification court and now in this court. See , e.g. , Morgan , 497 S.W.3d at 379-80 (discussing an award of attorney's fees premised upon, inter alia , the merits of the case).
This second factor substantially and credibly validates the modification court's award of attorney's fees in favor of Ulrich.
3. The Conduct of the Parties During the Modification Proceedings
"A party's actions during the pendency of litigation may be considered in determining whether to make an award of attorney's fees, especially when those fees were the result of the other party's improper conduct." Long v. Long , 135 S.W.3d 538, 545 (Mo. App. S.D. 2004).
In finding this factor favored an award of attorney's fees for the benefit of Ulrich, the modification court rather harshly stated:
[T]he Court believes this case should have been settled[;] a simple review of the parties finances would have shown that Veronica has prospered since the dissolution and Ulrich has lost money, presumably in an effort to assist the parties' child in her business. Veronica's sense of entitlement to maintenance caused her to oppose the motion of modify in the face of evidence indicating that Ulrich was entitled to terminate the maintenance. Much of the work done to discover what Ulrich did with the money he receives from Wagner Enterprises was not helpful, especially since the parties both receive the same amount from Wagner Enterprises. This unnecessary work added several thousand dollars to each side's attorney fees.
Although this court may not completely agree with the modification's court statement on the record in this proceeding, we, nevertheless, acknowledge the motion court's palatable frustration at the waste of financial resources incurred in this litigation by a pair of septuagenarian litigants. Over the course of approximately a year of litigation, Veronica incurred $32,053 in attorney's fees, and Ulrich incurred $27,802 in attorney's fees, for a combined total of $59,855. That amount of money (and time)-squandered on litigating rather than coming to an agreement by two retirees-amounted to over 6 years of maintenance payments at the rate of $791 per month.
We do not condone the conduct of either party in this matter. However, the modification court found Veronica's conduct and actions to be more egregious. Veronica has presented no evidence to impugn that finding. McIntosh v. McIntosh , 41 S.W.3d 60, 73 (Mo. App. W.D. 2001) ("A party challenging an award of attorney's fee must demonstrate that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice."). Moreover, trial courts must not condone unscrupulous behavior by domestic relations litigants. See , e.g. , Morgan , 497 S.W.3d at 380.
*345 Therefore, although the first factor (the financial resources of the parties) under Section 452.355.1 may not support the modification court's award of attorney's fees, the second and third factors (the merits of the case and the actions of the parties during the pendency of the action) substantially and credibly validate the modification court's award. The award of attorney's fees was within the modification court's sound discretion and was supported by competent and substantial evidence, especially in light of the fact only a portion of Ulrich's attorney's fees were awarded. See Morgan , 497 S.W.3d at 380.
Veronica's Point II is denied.
CONCLUSION
For the foregoing reasons, the judgment of the modification court is affirmed.
Roy L. Richter, J., and Philip M. Hess, J., concur.

Insomuch as the parties share a surname and have been divorced for 13 years, we will refer to each party by their first names. No familiarity or disrespect is intended.

The record is unclear as to whether this amount was pre-tax or post-tax.

Failure to include a calculation on each party's reasonable monthly expenses within a dissolution judgment (even if it is by consent) is a substantial obstacle to finding changed circumstances upon a motion to modify. See , e.g. , Layden v. Layden , 514 S.W.3d 667, 672-74 (Mo. App. E.D. 2017).

Although the parties wrangle over which party is at fault for the expensive discovery process, it is evident that Veronica went to great lengths attempting to unearth alleged assets and income possessed by Ulrich, which never materialized.

The propriety of the modification court's judgment continuing Ulrich's obligation to pay Veronica's supplemental healthcare insurance is not appealed, and this court will not address the same.

Veronica's monthly income also increased as a result of her receipt of a small monthly pension.

Contrary to Veronica's testimony, her First Amended Statement of Income and Expenses, filed during the course of the underlying modification proceedings, claims reasonable monthly expenses of $6,629.15. Incorporated within Point I, Veronica contends, for a variety of reasons, the modification court erred in calculating Veronica's reasonable monthly expenses to be only $6,386.00. Veronica has impermissibly fused two distinct allegations of error, in violation of the simple and mandatory Rule 84.04(d). "Improper points relied on, including those that are multifarious, preserve nothing for appellate review[,]" and we decline to review Veronica's contention ex gratia. In re Marriage of Cochran , 340 S.W.3d 638, 647 (Mo. App. S.D. 2011).

Veronica's belief is perfectly reasonable and justified in her own mind, however, it has no foundation in the law.

In both Shanks and Lemmon , the properties awarded to the spouse receiving maintenance was not yet producing income at the time the dissolution judgment was entered. See Shanks , 117 S.W.3d at 721 ; Lemmon , 958 S.W.2d at 604. Conversely, here, Wagner Enterprises was producing significant income for both parties, making it possible to determine each party's reasonably foreseeable income, when the Dissolution Judgment was entered.

Under Veronica's interpretation of the "foreseeability" test, a modification would not only be precluded from reducing maintenance, but would be equally precluded from increasing maintenance if the recipient-spouse's income from the property awarded to him or her decreased involuntarily (if the decrease constituted a substantial and continuing change in circumstances).

Although not raised on appeal, the issue of whether the modification court should have "terminated" or "modified" maintenance deserves robust intellectual debate. Pursuant to Section 452.370, maintenance is only terminable upon two occasions: (1) the death of either party; or (2) the remarriage of the party receiving maintenance. See Section 452.370.3. Neither of those occasions arise in this matter, yet the modification court, nevertheless, terminated maintenance. Whether a modification court may terminate maintenance when the recipient-spouse can meet his or her own reasonable needs is left for another day. However, it appears that in these circumstances (at the very least), where the parties were married for 40 years and divorced in their mid-60s, modifying maintenance to $0, rather than terminating maintenance, would be the more prudent and equitable result.

Ulrich has remarried since the entry of the Dissolution Judgment. Ulrich's current wife does not produce income. The court does not intend to suggest that Ulrich's expenditures for his new wife are and were frivolous; nevertheless, Ulrich's election to deplete his assets should not be used as a catalyst for an award of attorney's fees from Veronica.