**William Patrick FERRY, Appellant,**

v.

**Mary Jane FERRY, Respondent.**

**No. ED 94789.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 2010.

Joseph T. Bante, St. Louis, MO, for appellant.

Craig G. Kallen, Town & Country, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

William Ferry (Husband) appeals the circuit court's judgment on his motion to modify child support and maintenance awarded in his divorce from Mary Jane Ferry (Wife). We reverse and remand.

The parties married in 2000, separated in 2005, and divorced in 2007. At the time of dissolution, Wife earned $3437 per month and Husband earned $6866 per month. The trial court found that both parties were underemployed and imputed their monthly income as $4583 and $12,500 respectively. The court awarded Wife primary physical custody of their two minor children, child support of $1680 per month pursuant to Form 14, and maintenance of $1250 per month.

In 2009, Husband filed a motion to modify the foregoing terms based on significant changes in the parties' respective financial circumstances. The evidence presented at trial, held December 22, 2009, established that Wife earned approximately $53,000 in 2009, and Husband had earned $116,432 as of December 15, 2009. The trial court calculated Wife's monthly income as $4416 (i.e., $53,000 divided by 12). The court found that Husband's income was $117,000 for the first eleven months of the year, and it extrapolated a twelfth month to calculate his full year's salary as $127,632, or $10,636 per month. Using these figures, the court denied Husband's motion regarding child support because the Form 14 recalculation did not vary from the original award by 20%. The court granted Husband's motion regarding maintenance and reduced it to $1050 per month. Husband appeals, asserting, in sum, that the trial court erred by (1) miscalculating child support using income and child care figures not supported by the evidence and (2) considering improper factors in its determination of maintenance.

█ Our review of a judgment modifying a decree of dissolution is limited to a determination of whether it is supported by substantial evidence, whether it is against the weight of the evidence or

whether it erroneously declares or applies the law. *Corrier v. Corrier,* 112 S.W.3d 443, 446 (Mo.App.2003).

■ In his first point, Husband contends that the trial court erred in denying his motion to modify child support because the court's Form 14 calculation was based on figures not supported by the evidence. Specifically, Husband challenges the figures representing child care expenses and Husband's own income. Section 452.370.1 RSMo states that child support may be modified upon a showing of changed circumstances so substantial and continuing as to make the original terms unreasonable. It further provides that a *prima facie* showing of changed circumstances is achieved when the recalculation of child support using Form 14 varies from the original award by 20% or more.

The record reflects that Husband earned $116,432 in 2009. His last pay stub, dated December 15, was for the pay period November 16 through December 15, 2009. The record contains no evidence of anticipated additional income that year. Husband was always paid on the 15th of each month for the pay period ending that day. Accordingly, his first pay stub of 2009 was for the period December 16, 2008, through January 15, 2009. The trial court mistakenly believed Husband's last 2009 pay stub to represent only eleven months of 2009, so it extrapolated the twelfth month to arrive at an annual salary of $127,632 ($117,000 divided by 11 then multiplied by 12), for a monthly income of $10,636. There is no substantial evidence in the record to support these figures. The evidence in the record establishes that Husband's actual monthly income in 2009 was $9702 ($116,432 divided by 12). Using this figure in Form 14 yields a variance of 21.5% from the original award. As such, Husband has made a *prima facie* showing of a change in circumstances warranting

modification. We grant Husband's point on this basis and remand to enable the trial court to revisit its calculation and determine child support in accordance with section 452.370.2.

■ With respect to child care, the trial court credited Wife $500 per month based on Wife's testimony that she incurred $6000 in child care costs in 2008. The trial court expressly found Wife's testimony credible. Conversely, the court was not persuaded by Husband's assertion that Wife's expenses were unreasonable. The trial court is free to believe the testimony of one party over the other. *Morrison v. Meadors,* 892 S.W.2d 786, 789 (Mo.App. 1995). Wife's testimony constitutes substantial evidence to support the trial court's finding with respect to child care costs as relevant to the calculation of child support per Form 14. Of course, the court retains discretion to revisit this line item on remand.

■ In his second point, Husband asserts that the trial court erred in its determination of maintenance by considering improper factors or failing to consider proper factors. Specifically, Husband impugns the court for considering Wife's expenses attributable to the children, Husband's comparative income and expenses, their standard of living during the marriage, and an increase in the cost of living, and for failing to consider the duration of the marriage and the expectation of self-sufficiency.

■ Section 452.335.1 enables the court to award maintenance if the spouse requesting it lacks sufficient property and income to meet her reasonable needs. Section 452.370.1 permits the court to modify maintenance upon a showing of changed circumstances so substantial and continuing as to make the original terms unreasonable, considering all financial re-

sources of both parties. The trial court is given considerable discretion regarding the amount of maintenance awarded, and the appellant must show an abuse of that discretion. *Corrier* at 446. An abuse of discretion occurs where the trial court's determination is so arbitrary and unreasonable that it shocks the sense of justice and indicates lack of careful consideration. *Id.* We will defer to the trial court on its decision to modify a maintenance award even if the evidence could support a different conclusion. *Adams v. Adams,* 51 S.W.3d 541, 547 (Mo.App.2001). The trial court's judgment is presumed valid and the burden is on the appellant to demonstrate that the judgment is incorrect. *Id.* Husband meets that burden here in one respect.

■ It is well-settled that expenses attributable to the children are excluded from the calculation of the recipient spouse's reasonable needs for purposes of determining maintenance. See *Buchholz v. Buchholz,* 166 S.W.3d 146, 158 (Mo.App. 2005); *Adams v. Adams,* 108 S.W.3d 821, 827–28 (Mo.App.2003); *Cohen v. Cohen,* 73 S.W.3d 39, 51 (Mo.App.2002); and *Nichols v. Nichols,* 14 S.W.3d 630, 637 (Mo.App. 2000). Here, the trial court accepted as Wife's reasonable needs the total amount of $6138 per month as claimed on Wife's statement of income and expenses. However, $2070 of that total is directly attributed to the children, including $500 in child care costs for which Wife already received credit on Form 14. An additional $465 per month, though claimed on the statement as Wife's expenses, is also attributable to the children according to Wife's trial testimony—$415 for vacations with the children and $50 for her daughter's horse. The trial court erred in including these amounts in determining Wife's reasonable needs for maintenance. We grant Husband's point on this basis and remand to enable the trial court to reconsider and determine maintenance as it deems just. In all other respects, however, we find no abuse of discretion in the trial court's assessment.

The judgment of the circuit court is reversed and remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.