Charles E. STINE, Jr., Respondent,

v.

Deborah D. STINE, Appellant.

No. ED 98608.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 2013.

Crystal L. Blacketer, St. Charles, MO, for appellant.

James E. Terrell, Hannibal, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Deborah Stine ("Wife") appeals from the judgment of the trial court granting

Charles Stine's ("Husband") motion to modify maintenance. Finding no error, we affirm.

The trial court dissolved the marriage of Husband and Wife on December 22, 1988. At the time of the dissolution, Husband and Wife had four children: Chad, born May 17, 1971; Rick, born February 17, 1973; Matt, born August 10, 1980; and Kevin, born March 1, 1987. Rick and Kevin suffered from Duchenne Muscular Dystrophy. Husband was awarded custody of Chad, and Wife was awarded custody of Rick, Matt, and Kevin. Since the initial judgment of dissolution there have been multiple modifications. On February 6, 1991, the trial court decreased child support from $500 per child to $300 per month, but left maintenance to Wife at $700 per month. The dissolution judgment was modified four more times thereafter. On September 17, 1999, Rick was emancipated, and custody of Matt was changed to Husband. Husband's child support obligation remained at $300 per month for Kevin, and maintenance was increased to $1,000 per month. On June 6, 2001, the dissolution judgment was modified at Wife's motion, and child support for Kevin was increased to $500 per month, with no change in maintenance for Wife. On April 25, 2005, the dissolution judgment was modified by emancipating Kevin, who became eligible for SSI payments and Medicaid, and by increasing maintenance to $1,500 per month. On July 31, 2007, at Wife's motion, maintenance was increased to $1,750 per month.

Due to worsening health problems, Husband curtailed his private law practice and began to draw Social Security retirement benefits in June 2011. Husband filed a motion to modify the dissolution judgment. After a contested hearing the trial court issued findings of fact and conclusions of

law, and ordered that maintenance be reduced to $50 per month. Wife now appeals from this judgment.

■■■ Our review of a trial court's judgment modifying a dissolution decree is limited to a determination of whether the judgment is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *In re Marriage of Lindhorst*, 347 S.W.3d 474, 476 (Mo.banc 2011). Section 452.370.1 RSMo Supp.2007 [1] allows the trial court to modify maintenance upon a showing of changed circumstances so continuing and substantial as to make the original terms unreasonable, considering all of the financial resources of both parties. *Ferry v. Ferry*, 327 S.W.3d 599, 601–02 (Mo.App.2010). "Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable." *Lindhorst*, 347 S.W.3d at 476. The trial court has considerable discretion regarding the amount of maintenance awarded, and the appellant must show an abuse of discretion. *Ferry*, 327 S.W.3d at 602. The trial court abuses its discretion where its determination is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. *Id.* This Court will defer to the trial court on its decision to modify an award of maintenance even if the evidence could support a different conclusion. *Id.* The trial court's judgment is presumed valid and the appellant bears the burden to show that the judgment is incorrect. *Id.*

■■■ In her first point relied on Wife contends that the trial court abused its discretion in denying her Rule 67.03 motion to dismiss Husband's motion to modify

1. Unless noted otherwise all statutory citations are to RSMo Supp.2007.

because he failed to comply with the prior modification judgment of July 2007 despite having the necessary financial resources available.

This Court's review of a trial court's denial of a motion to dismiss under Rule 67.03 is limited to an abuse of discretion. *Nelson v. Nelson*, 14 S.W.3d 645, 649 (Mo. App.2000). The situation in the present case is similar to that in *Nelson*, where the husband was found to have had a legitimate reason for stopping maintenance payments to his former wife based on the fact that he had retired and his income was significantly reduced. *Id.* In the case at hand, the trial court, in denying the oral motion to dismiss under Rule 67.03, found that Husband's failure to comply with the July 2007 modification judgment was the result of his inability to comply with that order. The trial court found that Husband had paid a total of nearly $300,000 in maintenance for 23 years; he is 63 years old and suffering from a number of medical conditions that affect his ability to work. It found that Husband's age and medical conditions make him unable to maintain his prior workload and it is reasonable that he is not required to do so. It also found that he delayed applying for Social Security Retirement Benefits when initially eligible in December 2010, and did not do so until June 2011 when he concluded that he could not work full-time as a lawyer. It further found that the combined income of Husband and his current wife, including rental property, after deductions, had decreased 56 percent from 2007 to 2011. It also found that Husband's testimony at trial was truthful. Given these facts, we cannot say that the trial court abused its discretion in denying Wife's Rule 67.03 motion to dismiss. Point denied.[2]

 In her second point relied on Wife argues that the trial court erred in denying her motion for a directed verdict at the close of Husband's evidence because he failed to provide detailed evidence as to the financial resources of Wife, her monthly expenses, the extent to which the reasonable expenses of either party should be shared by a spouse or other person cohabitating with him or her, her earning capacity, and "as to issues regarding the termination of or the calculation of the appropriate amount of maintenance."

Section 452.370.1 provides that:

... the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance judgment, the court, in determining whether or not a substantial change has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed....

Changed circumstances must be shown by detailed evidence. *Lindhorst*, 347 S.W.3d at 476. Husband did provide detailed evidence regarding changed circumstances through his testimony and exhibits admitted at trial. Husband provided evidence of the financial situation, both income and expenses, of himself and his spouse. He testified regarding how his medical problems have worsened since the July 2007

**2.** Our holding on this point does not imply that Husband was justified in unilaterally reducing maintenance payments to Wife, but

rather that the trial court acted within its broad discretion in proceeding with the case.

modification judgment that compelled him to reduce his workload and apply for Social Security benefits. There was evidence two of the emancipated children cohabited with Wife: Kevin, who collects Social Security benefits, and Matt, who was unemployed. It was not necessary for Husband to provide detailed evidence about all of the factors that the trial court ought to consider under section 452.370.1; he provided sufficient detailed evidence of his own changed circumstances that could justify a modification of the prior maintenance order sufficient for his case to survive Wife's motion for a directed verdict at the close of his evidence. Point denied.

■ We will consider Wife's third and fourth points relied on together. In her third point relied on Wife asserts that the trial court erred in modifying the amount of maintenance paid by Husband because he failed to prove a substantial and continuing change of circumstances as to make his maintenance obligation unreasonable. In her fourth point relied on Wife avers that the trial court erred in modifying the amount of maintenance because modification of the maintenance was not supported by the evidence.

■ A decrease in the income of the spouse paying maintenance and/or an increase in the income of the spouse receiving maintenance may constitute a sufficient change in circumstances to justify the modification of a maintenance order, provided that the change is sufficiently substantial so as to render the maintenance terms unreasonable. *Adams v. Adams*, 51 S.W.3d 541, 547 (Mo.App.2001). In addition, there is an affirmative duty on the part of the spouse receiving maintenance to seek adequate employment to become self-supporting. *Id.* at 548. The

failure of a spouse receiving maintenance to seek employment and reach financial independence within a reasonable time can provide the basis for modification of a maintenance award. *Id.* The trial court must consider a spouse's obligation to contribute to his or her own support, absent circumstances preventing such contribution. *Id.* (quoting *Hartzell v. Hartzell*, 976 S.W.2d 624, 626 (Mo.App.1998)).

■ In our discussion above, we held that Husband established changed circumstances regarding his ability to work full-time in a private law practice due to advancing age and worsening medical problems. He also provided evidence of his expenses that showed that his level of debt had substantially increased. In her argument on this point, Wife argues that the only evidence of this is Husband's "self-serving" testimony, lacking any evidence from medical or vocational experts regarding his ability to work full-time. There is no requirement that a party seeking to modify an award of maintenance has to establish "changed circumstances" by expert testimony. *See Willis v. Willis*, 50 S.W.3d 378, 388 (Mo.App.2001).[3] Husband's testimony is no more self-serving than Wife's testimony in opposition to his motion to modify. The trial court found that none of the witnesses were untruthful, i.e., that they were all credible, including Husband, who testified that his medical problems have in fact worsened significantly since the July 2007 modification decree.

There was also substantial evidence that Wife's financial resources had changed since July 2007. Her testimony and tax records showed that she was getting paid by an agency to take care of Kevin for 28 hours per week at $8.75 per hour, netting approximately $458.31 per biweekly pay

---

**3.** We also note that "expert" testimony is not inherently more credible than other fact testimony from nonexperts, and the trial court can choose to disbelieve even uncontradicted expert testimony. *See Halliday v. Boland,* 813 S.W.2d 34, 37 (Mo.App.1991).

period. There was evidence that Wife could collect Social Security benefits now that she could not apply for in July 2007. Wife testified that if she had started to collect Social Security benefits when she had turned 62 in July 2011, she could receive $618 per month, but that she preferred to wait until she turned 66 years old in order to collect a larger amount. As for the financial resources of those who cohabit with her, there was evidence that Kevin collects $1,008.00 per month from Social Security, of which no more than $250 was used to support Wife's household. This amount represented a significant increase from July 2007 that was triggered by Husband's application for Social Security benefits in July 2011. There was evidence that as of the time of trial, Matt had been living with Wife and Kevin for two years, paying nothing for rent or food since his unemployment benefits apparently terminated. Mart's cohabitation with Wife is also a change since July 2007, and there was no evidence that he was unable to work.

The trial court noted that Wife stated in an interrogatory that she could not meet her reasonable needs because of caring for Kevin, and that she listed in her Income and Expense statement a monthly mortgage of $745.00 and utilities of $550.00 per month. It found that both Kevin and Matt had resided with Wife "for some time" with no evidence that either planned to leave, and that it was reasonable to assume that they should each be responsible for one-third of the monthly mortgage and utility costs, or $435 a month. The trial court may consider the extent to which a party's expenses are or should be shared by a cohabitant when determining whether a substantial change in circumstances has occurred. Section 452.370.1; *C.K. v. B.K.,* 325 S.W.3d 431, 435 (Mo.App.2010).

Wife also testified that she had not sought work since the original dissolution decree of 1988, primarily because she was occupied with Kevin, and that she did not intend to find other work unless maintenance was terminated. There was evidence that Kevin could live at a facility that would not require physical care from Wife or financial assistance from Wife or Husband, but Wife and Kevin opted not to do this. Kevin had medical assistance 48 hour per week from a nurse, who testified that Wife helped her, but that she did not need Wife's assistance to take care of Kevin when she was there. The trial court did not actually impute income to Wife, but found that she was eligible to receive $618.75 in Social Security benefits per month, and that if she chose not to receive those benefits, that she could find other employment. It concluded that if Wife received $618.75 per month in Social Security benefits, she could continue her part-time job of taking care of Kevin, and with household expenses shared by her cohabitants Kevin and Matt, she would be only $43.00 short of meeting her reasonable expenses.

The trial court did not abuse its discretion in modifying and reducing maintenance. Points denied.

 In her fifth point relied on Wife claims that the trial court erred in denying her motion for attorney's fees.

 We note initially that this point relied on fails to comply with Rule 84.04(d) by simply stating a bald legal conclusion. Nevertheless, we can discern the issue sufficiently to engage in meaningful review. Section 452.355.1 provides, in part, that the trial court, after consideration of the relevant factors, which include the financial resources of the parties, may order one party to pay the attorney's fees of the other party. The trial court is an expert on attorney's fees, and has a wide latitude in the allocation of such fees and costs. *Erickson v. Blackburn,* 169 S.W.3d 69, 81 (Mo.App.2005). The trial court's award of attorney's fees will be reversed only upon

a finding of manifest injustice. *In re Marriage of Kovach*, 873 S.W.2d 604, 608 (Mo. App.1993).

In the present case, Husband provided evidence that his monthly expenses exceed the monthly income of himself and his current wife by more than $1,300. He presented evidence that he has debts in excess of $320,000. Wife presented evidence that she owes $66,000 on her mortgage and approximately $6,600 in unpaid medical bills. The trial court concluded that if Wife chose to receive Social Security and to continue her part-time work caring for Kevin, her expenses would exceed her monthly income and those expenses that Kevin and Matt should share by $43. Accordingly it ordered each party to pay their own attorney's fees. It did not abuse its broad discretion in so doing. Point denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, and GLENN A. NORTON, JJ., concur.