**James P. DELSING, Appellant**

v.

**Kathleen M. DELSING, Repondent.**

**No. ED 99338.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 24, 2013.

Robert F. Summers, Jill R. Rembusch, St. Louis, MO, for appellant.

Byron Cohen, St. Louis, MO, for respondent.

## Introduction

GARY M. GAERTNER, JR., Judge.

James P. Delsing (Husband) appeals from the trial court's Judgment denying his motion to modify his maintenance obligation owed to Kathleen M, Delsing (Wife). In his four points on appeal, Husband argues the trial court erred in denying his motion to modify in that: (1) there was a substantial and continuing change in his income between the last modification and the hearing on this motion; (2) the court improperly included certain amounts in his income; (3) the court included expenses on behalf of the minor children in determining Wife's maintenance needs; and (4) the court failed to consider Husband's inability to pay the maintenance obligation. We find that there was a substantial and continuing change in circumstances warranting modification of the

maintenance award. Thus, we reverse and remand for further proceedings.

*Background*

The parties' marriage was dissolved in 2007. The dissolution judgment ordered Husband, who is a professional golfer, to pay to Wife $12,000 per month in modifiable maintenance. There were four children born of the marriage (born May 31, 1989; December 9, 1991; September 21, 1993; and October 2, 2003), and the judgment ordered Husband to pay $1,000.00 per month per child as and for child support. The Form 14 listed Husband's gross monthly income as $40,000 per month.

In January of 2010, Husband filed a motion to modify maintenance and child support. His motion alleged that his income had significantly decreased since the date of the dissolution. He attached a Statement of Income and Expenses, which listed his gross income for 2009 as $305,000 and his gross income for 2008 as $284,000. He listed his annual business expenses as $75,000–$100,000 and his monthly living expenses as $5,401. The parties consented to a modification of maintenance, which the court entered in April of 2010, reducing Husband's maintenance obligation to $10,000 per month. The modification judgment noted the oldest child was now emancipated, thus reducing Husband's child support obligation to $3,000 per month.

In November of 2010, Husband filed a second motion to modify maintenance and child support. His later amended motion asserted the following. His income had significantly decreased and his health had deteriorated due to a back condition. As a result of his back condition, he lost his status as a regular Nationwide Tour participant in October of 2010 and his senior tour card in November of 2010, causing loss of income. Despite having back surgery in March of 2011, his back had not healed sufficiently to allow him to play competitive golf.

After a 2012 hearing on the motion, the trial court denied Husband's motion to modify maintenance, finding that there had not been a substantial and continuing change in circumstances since the 2010 modification, in that Husband actually made more income in 2011 than in 2010 and anticipated making only $11,000 less in 2012 than in 2010. The court noted Husband's total net income in 2010 was $106,133 ($175,739 gross earnings, less $69,606 in business expenses); his net income in 2011 was approximately $139,250 ($96,100 in golf-related earnings, plus $40,050 in disability, plus $23,100 in PGA retirement, less $20,000 in business expenses); and his anticipated net income in 2012 was $116,700 ($17,000 in income, plus $80,100 in disability, plus $39,600 in PGA retirement, less $20,000 in business expenses). The court noted, however, that Husband's retirement income should not be considered in determining Husband's income for maintenance purposes, because he received his retirement fund as a separate asset in the dissolution.

Regarding child support however, the trial court granted Husband's motion to modify child support, finding there had been a substantial and continuing change since the 2007 dissolution. Calculating the Form 14, the court determined Husband's income to be $8,091.66 per month.[1] How-

---

1. The trial court used Husband's income on the date of the evidentiary hearing to calculate his monthly child support obligation, using the following formula: $136,700 ($12,000 from People's Benefits/ Consumer Choice + $5,000 from St. Albans Country Club + $80,100 in disability + $39,600) − $39,600 in retirement benefits = $97,100 ÷ 12 = $8,091.66.

ever, the court found that because Husband's maintenance obligation exceeded his monthly income, his income and thus his child support obligation was $0.

Despite finding that there had been no substantial and continuing change warranting a modification in maintenance, the court noted that since 2010, Husband had been unable to earn income as a professional golfer as a result of his physical disability. The court noted the following about Husband's physical injuries. Starting in mid–2010, Husband had had severe pain in his lower back extending down his leg, which made walking painful and affected his ability to concentrate. In March of 2011, Husband had surgery to address the back and leg pain. The surgery affected his flexibility, making him unable to practice despite physical therapy. The surgery relieved 50% of the pain in his foot, but caused numbness in his other leg, which will require additional surgery. Husband played one Champions Tour event in 2011, for which he needed three epidurals to manage his severe back pain.

Husband filed a motion to amend the judgment or, in the alternative, for a new trial. The trial court denied the motion and this appeal follows.

## Standard of Review

We will affirm the trial court's judgment on a motion to modify maintenance unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Lindhorst,* 347 S.W.3d 474, 476 (Mo. banc 2011); *Passanante v. Passanante,* 364 S.W.3d 690, 693 (Mo.App. E.D.2012). The evidence, and all reasonable inferences therefrom, is viewed in the light most favorable to the judgment.

*Clark v. Clark,* 101 S.W.3d 323, 329 (Mo. App.E.D.2003).

## Discussion
### Points I & IV

In his first point on appeal, Husband argues that the trial court erred in denying his motion to modify maintenance, because there had been a substantial and continuing change, in that his income was substantially less than it was at the time of the prior modification. Similarly, in his fourth point on appeal, Husband argues the trial court erred in denying his motion to modify after failing to consider that the maintenance obligation exceeded his ability to pay. Our analysis of the first point necessarily includes an analysis of the fourth, so we address them together. We agree that there has been a substantial and continuing change warranting modification of the maintenance award.

Pursuant to Section 452.370.1,[2] in order to modify a maintenance support award, there must be a showing of changed circumstances so substantial and continuing as to make the terms of the current support award unreasonable. "Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable." *Lindhorst,* 347 S.W.3d at 476. The party seeking modification bears the burden to show the terms of the original decree are unreasonable. *Id.*

The key issue is whether a change has occurred sufficient to make the prior order unreasonable. The general rule in Missouri is that "a change in circumstances rises to the requisite statutory level when it renders the obligor spouse unable to pay maintenance at the assigned rate." *Martino v. Martino,* 33 S.W.3d 582, 584 (Mo. App.E.D.2000); *see also Bryant v. Bryant,*

**2.** All statutory references are to RSMo. (2000), unless otherwise indicated.

218 S.W.3d 565, 568–69 (Mo.App.E.D. 2007). Section 452.370.1 requires that the trial court consider the parties' financial resources. *Bryant v. Bryant*, 351 S.W.3d 681, 689 (Mo.App.E.D.2011).

The trial court here considered the financial resources of the parties and determined that Husband's maintenance obligation exceeded his monthly income. Moreover, the court explicitly found that Husband was unable to earn income as a professional golfer as a result of his physical injury. The court nevertheless concluded there had not been a substantial and continuing change in circumstances because Husband's year-end 2011 and anticipated 2012 net income amounts were not substantially lower than his year-end 2010 net income.

■ First, we find the trial court erred in using Husband's year-end 2010 income to find there had not been a substantial change in his income. To determine if a change in circumstances has occurred, we compare the circumstances at the date of the prior modification with the current circumstances. *Passanante*, 364 S.W.3d at 694 n. 1. Here, because the parties entered the judgment by consent, we do not know the precise income on which the modification was based; however, the motion to modify listed Husband's 2009 gross income as $305,000, less $75,000 to $100,000. From these facts, it is reasonable to assume the 2010 modification was based on Husband's 2009 income, and thus his 2009 income should be the point of comparison. *See id.* In addition, we note that Husband's injury occurred in mid–2010, after the first modification. As a result of the injury, he lost his Nationwide Tour Status in October 2010, and he was unable to qualify for the PGA Champions Tour in November 2010. Because Husband's injury resulted in a loss of income in 2010, his year-end 2010 income reflected his reduced income and should not have served as the basis for comparing his pre- and post-injury incomes.

■ Second, it was error for the trial court to disregard its finding that Husband was unable to earn income as a professional golfer as a result of his physical injury. A party's continuously declining health is relevant to whether the prior maintenance order is reasonable, especially when the party's ability to earn is tied to his physical health, as with a professional golfer. *See Stine v. Stine*, 401 S.W.3d 567, 571 (Mo.App.E.D.2013) (husband's testimony of worsening health and decreased income was sufficient to establish substantial and continuing change); *Dow v. Dow*, 728 S.W.2d 714, 716 (Mo.App.E.D.1987) (permanent physical disability is relevant factor court may consider in determining change in circumstances). Husband's continuing physical injury was a substantial change that impacted his ability to earn the income he was earning before the 2010 modification. Husband injured his back in mid–2010, causing severe pain in his lower back, legs, and feet. His injury was not resolved by surgery, and he will in fact require additional surgery. In 2011, he was only able to participate in one tour, and, as of the date of the hearing, he did not have any tours scheduled in 2012.

Looking at all the facts, the 2010 maintenance order of $10,000 per month is unreasonable. Husband's usable monthly net 2011 income was $9,679,[3] and his antic-

---

**3.** $96,100 in golf-related earnings, plus $40,050 in disability, less $20,000 in business expenses. The $23,100 Husband received in PGA retirement benefits should not be considered in determining his maintenance obli-
gation, because it did not involve a departure from prior known circumstances. *Shanks v. Shanks*, 117 S.W.3d 718, 721 (Mo.App.E.D. 2003).

ipated usable monthly net 2012 income was $6,425,[4] which are both less than his monthly maintenance obligation. His injury and the resulting loss of income was a change in circumstances rendering Husband unable to pay maintenance at the currently assigned rate, therefore qualifying Husband for a modification under the statute. *See Bryant,* 218 S.W.3d at 568–69; *Martino,* 33 S.W.3d at 584. Thus, the trial court erred in denying Husband's motion to modify the 2010 judgment.

Because we reverse on points one and four, it is not necessary to analyze in detail the remaining points on appeal.[5] However, we note that after the trial court modifies the maintenance amount, it will also need to recalculate the proper child support amount. We note, *sua sponte,* that in the current child support calculation, the trial court did not include Husband's retirement income in its calculation of his income, which was error. To determine a parent's gross income for purposes of calculating the child support amount, the trial court is instructed to consider "salaries, wages, commissions, dividends, severance pay, pensions, interest, ... retirement benefits, workers' compensation benefits, ... [and] disability insurance benefits." Mo. R. Civ. P. Form 14, Line 1, Direction.

Points granted.

4. $17,000 in income, plus $80,100 in disability, less $20,000 in business expenses. Again, we do not consider the $39,600 he received in PGA retirement benefits in determining his maintenance obligation. *Id.*

5. Regarding point three on appeal—Husband's assertion that the trial court erred in including expenses on behalf of the children

*Conclusion*

The judgment is reversed and remanded for recalculation of maintenance and child support in accordance with this opinion.

LISA S. VAN AMBURG, P.J., and PATRICIA L. COHEN, J., concur.

in its calculation of Wife's reasonable needs while determining the proper amount of maintenance-we note that the maintenance award is limited to the needs of the recipient spouse and does not provide for amounts spent on behalf of the children. *Schubert v. Schubert,* 366 S.W.3d 55, 64 (Mo.App.E.D. 2012).