

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| FREDERICK M. BORCHARDT, | ) | No. ED103035 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis, Missouri |
| vs. | ) | 22983-00058-05 |
| | ) | |
| LINDA S. BORCHARDT, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Appellant. | ) | Filed: May 24, 2016 |

## OPINION

Linda S. Borchardt ("Wife") appeals the trial court's judgment modifying the amount of maintenance she receives from her ex-husband Frederick M. Borchardt ("Husband"). For the reasons that follow, we affirm.

### Facts and Procedural History

Husband and Wife were married in 1973, separated in 1997, and divorced in 1999. During the marriage, Husband worked as a certified public accountant (CPA) for the accounting firm KPMG. While Wife did not work outside the home during the marriage, she obtained a master's degree in pastoral studies in 1996 and at the time of the dissolution was completing an internship to become certified as a chaplain. The parties' three children from the marriage were adults at the time of the divorce.

Pursuant to the judgment of dissolution, Husband was ordered to pay Wife $3,500 per month in maintenance and to maintain a $100,000 life insurance policy on himself

with Wife designated as the beneficiary as long as Husband's maintenance obligation remained in place. The marital residence was awarded to Wife and Husband was ordered to make the mortgage payments so long as both parties were alive, Wife remained unmarried, Wife continued occupying the property as her principal residence, and Wife did not sell the home. Each spouse was awarded fifty percent of the portion of Husband's KPMG Peat Marwick Retirement Allowance Plan (RAP) that was deemed to be marital property.

Husband remarried in 1999 and has four children with his current spouse. Wife has remained unmarried and continues to live in the marital home. In 1999, Wife started working as a pastoral minister and has been employed at Saint Anselm church for almost eleven years. Wife currently has gross wages of over $3,700 per month from her job at Saint Anselm.

In 2001, KPMG announced that the RAP would be distributed to its partners, including Husband. Husband received approximately 75% of the value of his RAP account in a lump sum. The remaining 25% was to be paid to Husband as an annuity for his lifetime upon termination of his service at KPMG.

In 2005, Wife filed a motion to modify requesting an increase in maintenance. Husband opposed the motion and filed a motion to reduce the maintenance award. In 2006, the court modified the judgment of dissolution. In relevant part, the amount of maintenance Husband was required to pay Wife was reduced from $3,500 to $1,800 per month. The parties agreed not to appeal the 2006 modification judgment.

In September 2010, Husband turned sixty years old and retired from KPMG pursuant to the KPMG partnership agreement mandatory retirement provision. Since his retirement, Husband has not maintained his CPA license.

In 2011, Wife again moved to modify the judgment. As a result, the court ordered Husband to pay Wife $922 per month as her marital portion of the 25% remaining balance from his RAP account which Husband elected to take as an annuity upon his retirement.

In April 2012, Husband filed the motion to modify at issue on this appeal. Husband requested that the court terminate his obligation to pay Wife $1,800 per month in maintenance and the requirement that he maintain a $100,000 life insurance policy with Wife as the designated beneficiary.

The matter was heard in November 2014. At the time of the hearing, Husband and Wife were both sixty-four years old. In April 2015, the court issued its judgment. The court found a substantial and continuing change in circumstances since the modification of the judgment of dissolution of marriage and granted Husband's motion to modify, terminating Husband's $1,800 per month maintenance obligation and the requirement to carry the $100,000 life insurance policy. This appeal follows.

## Standard of Review

In a court-tried case, we affirm the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The evidence, and all reasonable inferences therefrom, is viewed in the light most favorable to the judgment. *Delsing v. Delsing*, 409 S.W.3d 574, 577 (Mo.App.E.D. 2013).

3

## Discussion

### I. Wife failed to preserve her allegation of error relating to the trial court's purported failure to make certain findings of fact.

In point I, Wife contends that the trial court erred by failing to make specific findings of fact regarding Husband's right and obligation to retire and the amounts of Wife's reasonable expenses because Husband had requested that those findings be made. Because Wife failed to preserve this allegation of error by raising it in a motion to amend the judgment, point I is denied.

The Missouri Constitution provides that the Missouri Supreme Court may establish rules relating to the practice, procedure, and pleading for all courts and administrative tribunals, which shall have the force and effect of law. MO. CONST. art. V., § 5; see also § 477.010.[1] Missouri Supreme Court Rules are to be given the same effect as statutes so long as they are not in conflict. *Gillispie v. Rice*, 224 S.W.3d 608, 612 (Mo.App.W.D. 2006).

Courts interpret Supreme Court Rules by applying principles similar to those used for state statutes. *State ex. rel. Vee-Jay Contracting Co. v. Neill*, 89 S.W.3d 470, 471-72 (Mo.banc 2002). The Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule. *Id.* at 472.

---

[1] All references to statutes are to RSMo 2000 unless otherwise indicated.

Rule 73.01[2] provides that if a party requests, the court shall file a brief opinion containing findings on the controverted material fact issues in the case as specified by the party requesting the findings. Rule 78.07(c) requires that in order to preserve allegations of error relating to the form or language of the judgment for appellate review, including the failure to make statutorily required findings, a party must raise the allegations in a motion to amend the judgment. The purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and hearings. *Ruth ex rel. Axe v. Ruhl*, 401 S.W.3d 553, 557 (Mo.App.W.D. 2013).

Here, Wife did not file a motion to amend the judgment. She contends, however, that she did not have to file a motion to amend because her allegations of error do not relate to statutorily required findings, but rather relate to findings requested by a party. We disagree with Wife's assertion that she was not required to file a motion to amend in order to preserve her allegations of error with respect to the alleged failure of the court to make certain findings of fact.

First, Rule 78.07(c)'s preservation of error dictates are not limited to statutorily required findings alone. Rule 78.07(c) requires a motion to amend the judgment in all cases for allegations of error relating to the "form or the language of the judgment." The failure to make findings pursuant to Rule 73.01 relates to the "form or language of the judgment."

Furthermore, the failure of the trial court to issue properly requested findings requires reversal only when the trial court's failure to issue the requested findings

---

[2] All references to rules are to the Missouri Supreme Court Rules 2015 unless otherwise indicated.

materially interferes with appellate review. *Cohen v. Cohen*, 178 S.W.3d 656, 662 (Mo.App.W.D. 2005). To the extent that the trial court failed to issue any requested factual findings, it has not materially interfered with our review because the record is sufficient to support the judgment. *Id.* Point I is denied.

**II.    The trial court did not erroneously apply the law in modifying Wife's maintenance award, its judgment is not against the weight of the evidence, and the judgment is supported by substantial evidence.**

In points II, III, and IV, Wife contends that the trial court erred by modifying the maintenance award without proof of a substantial change in circumstances or any change rendering the previously existing maintenance order unreasonable. Wife uses these two allegations of error to argue in each respective point that the trial court's judgment erroneously applied the law, is against the weight of the evidence, and that the judgment is not supported by substantial evidence. Further, in point II, Wife contends that the trial court erroneously applied the law by including in Wife's income her $922 per month payment from Husband's RAP annuity. For ease of analysis, we address these points together.

Maintenance is founded on the need for reasonable support by one spouse from the other after the disruption of the marriage, and a maintenance award may extend only so long as the need exists. *Cates v. Cates*, 819 S.W.2d 731, 734-35 (Mo.banc 1991). Thus, maintenance is issued only for support until the dependent spouse achieves a reasonable level of self-sufficiency. *Id.* at 735. Maintenance should not be awarded for the purposes of building an estate or the accumulation of capital. *Hill v. Hill*, 53 S.W.3d 114, 116 (Mo.banc 2001).

6

A court may grant a maintenance order only if it finds that the spouse seeking maintenance: 1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and 2) is unable to support him- or herself through appropriate employment. § 452.335.1. The maintenance order shall be in such amounts and for such periods of time as the court deems just, after considering all relevant factors including: 1) the financial resources of the parties, including marital property apportioned to him or her, and his or her ability to meet his or needs independently; 2) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; 3) the comparative earning capacity of each spouse; 4) the standard of living established during the marriage; 5) the obligations and assets, including the marital property apportioned to him or her and the separate property of each party; 6) the duration of the marriage; 7) the age, and the physical and emotional condition of the spouse seeking maintenance; 8) the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting maintenance; 9) the conduct of the parties during the marriage; and 10) any other relevant factors. § 452.335.2.

Pursuant to section 452.370.1, the trial court may modify maintenance upon a showing of changed circumstances so substantial and continuing as to make the terms of the maintenance order unreasonable. In determining whether a substantial change in circumstances has occurred, the court shall consider all financial resources of both parties, including the extent to which a party's reasonable expenses are shared, or should be, with a spouse or other person with whom the party cohabits, and the earning capacity of a party who is not employed. *Id.* While the burden to show changed circumstances is

7

on the party seeking modification, we presume that the trial court's judgment is valid and the appellant has the burden of proving that the judgment is incorrect. *Pierce v. Pierce*, 215 S.W.3d 263, 265 (Mo.App.S.D. 2007).

A change in circumstances warranting modification of maintenance exists where the obligor spouse is unable to pay maintenance at the assigned rate, or the recipient of the support could meet her reasonable needs with a lesser amount of maintenance. *Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 871 (Mo.App.E.D. 2004). A change in the income of either party is a relevant factor for the court to consider. *Id.* As a general principle, income that is not readily available is not counted for maintenance purposes, but income that is readily available is. *Hill*, 53 S.W.3d at 115-16.

A voluntary loss of employment is not a substantial and continuing change of circumstance to allow modification. *Leslie v. Leslie*, 827 S.W.2d 180, 183 (Mo.banc 1992). An involuntary retirement may, however, prove changed circumstances. *Pierce*, 215 S.W.3d at 265; *Katz v. Katz*, 759 S.W.2d 857, 858 (Mo.App.E.D. 1988) (finding ex-husband's reduction in income from retirement a sufficient change of circumstances to reduce maintenance but not terminate it completely).

The trial court may impute income to a party but imputing income depends on the facts and is determined on a case-by-case basis. *Hill*, 53 S.W.3d at 117. When calculating maintenance, the trial court must consider the income from retirement accounts apportioned as marital property. *Id.* at 116. The trial court determines the amount of income, if any, imputed from these accounts based on the facts and circumstances of each case, including the cost to convert the account into cash, the age of the parties, their intent as to investment/consumption/retirement, the relative division of

8

marital property and debts, and any equitable adjustment for reasonably certain taxes and penalties. *Id.* This is but an application of the concept that the trial courts have broad discretion in determining the amount of maintenance and appellate courts do not interfere, absent an abuse of discretion. *Id.*

A spouse supported by maintenance has a duty to become self-supporting. *Rustemeyer,* 148 S.W.3d at 871. The failure of the supported spouse to achieve financial independence within a reasonable time after dissolution may form the basis for modification of a maintenance award. *Id.* The trial court must consider a spouse's obligation to contribute to his or her own support, absent circumstances preventing such contribution. *Stine v. Stine,* 401 S.W.3d 567, 572 (Mo.App.E.D. 2013).

Here, Wife concedes that Hubsand's retirement may be considered a change in circumstances in some cases, but contends that it should not be considered one in this case because Husband failed to meet his burden of proving that there was a substantial change in circumstances and that the changes rendered the existing judgment no longer reasonable. We disagree.

Husband's retirement from KPMG was not voluntary. Husband testified and the record supports that Husband's retirement was mandatory and that he had to retire pursuant to his partnership agreement. As a result of Husband's retirement, his income decreased significantly. While Husband was only sixty years old at the time of his retirement, he chose not to pursue any other employment because he believed he had enough assets to allow him to do so. Thus, he did not renew his CPA license and would have to complete continuing education to get it back. These were sufficient reasons for the trial court to find substantial and continuing changed circumstances, and the trial

court did not erroneously apply the law in making that finding. Further, this finding is not against the weight of the evidence and is supported by substantial evidence.

As to the second prong of Wife's argument, we find that the trial court did not erroneously apply the law in finding the terms of the previously existing maintenance order unreasonable and its judgment is supported by substantial evidence and is not against the weight of the evidence. Wife failed to meet her burden of showing that the trial court's judgment is incorrect, and there is ample evidence in the record to support the trial court's judgment, including, but not limited to, the fact that Wife's income has continued to increase through not only her employment but also as a result of her ownership of other assets. Indeed, Wife receives over $30,000 per year in income from an annuity which she identified as separate, not marital, property, has increased income from Husband's retirement, and has access to Social Security benefits should she choose to draw them.

Moreover, the record supports the conclusion that Wife can meet her "reasonable" needs with a lesser amount of maintenance from Husband. In 1999, at the time of dissolution, Wife claimed that she had $365 per month of "other living expenses," which included food, clothing, and recreation. She now claims that expense is nearly $4,000 per month. The trial court could have found that this increase in "other living expenses" was unreasonable and that Wife could meet her reasonable needs with a lesser amount of maintenance. On the entirety of this record and given the trial court's broad discretion in determining maintenance, Wife has failed to prove an abuse of discretion by the trial court in modifying her maintenance award.

10

We disagree with Wife's argument that the trial court misapplied the law by including the $922 monthly payment Wife receives, which derives from Husband's annuity, because doing so required her to consume her retirement assets to meet her reasonable needs. While it is true that a spouse is not required to consume his or her apportioned share of marital property in order to be entitled to retain an award of maintenance, *Leslie*, 827 S.W.2d at 183, Wife has failed to show that she is required to consume her marital property to meet her "reasonable" needs and has not met her burden of showing that the trial court's judgment is incorrect. Furthermore, it was within the trial court's discretion to impute the $922 payment as part of Wife's income, especially considering that this income was readily available and was being paid to Wife on a monthly basis. *Hill*, 53 S.W.3d at 115-17. Points II, III, and IV are denied.

## V.     The trial court did not abuse its discretion in failing to award Wife attorney's fees.

In point V, Wife contends that the trial court abused its discretion in failing to award her some or all of her attorney's fees because Husband caused Wife to incur fees for an improper discovery expedition and in having their marital home's mortgage refinanced. Further, Wife contends that she should have been awarded fees because Husband has a greater ability to pay and without an award she will have to use her retirement assets to pay those fees.

Parties to domestic relations cases generally are responsible for paying their own attorney's fees. *Goins v. Goins*, 406 S.W.3d 886, 891 (Mo.banc 2013). Section 452.355.1, however, authorizes the circuit court to award attorney's fees after considering the financial resources of both parties, the merits of the case, and the actions of the parties

11

during the proceedings. The fact that one party's income exceeds the other's income does not compel an award of attorney's fees. *Adams v. Adams*, 51 S.W.3d 541, 549 (Mo.App.W.D. 2001). The trial court has broad discretion in awarding attorney's fees and its ruling is presumptively correct. *Id.*

An appellate court will reverse a trial court's award of attorney's fees pursuant to section 452.355.1 only if the trial court abuses its discretion. *Aubuchon v. Hale*, 453 S.W.3d 318, 325 (Mo.App.E.D. 2014). To demonstrate an abuse of discretion, the complaining party must prove that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

Here, the trial court found that each party had sufficient funds to pay their own attorney's fees and ordered each party to pay their own fees. Based on our standard of review, after our review of the record, we cannot find that the trial court abused its discretion in ordering each party to pay their own fees. While Husband may have more funds than Wife, the trial court found Wife had sufficient funds of her own to pay her attorney's fees and Wife has failed to overcome the presumption that the trial court's decision is correct. Point V is denied.

## VI. Husband's motion for attorney's fees on appeal is denied.

Finally, Husband filed a motion for attorney's fees on appeal pursuant to section 452.355. While we generally have authority to enter an award of attorney's fees on appeal, *Goins*, 406 S.W.3d at 890 n.1, the circuit court has exclusive jurisdiction to consider and award attorney's fees pursuant to section 452.355, *id.* at 889-90. Thus, we deny Husband's motion for lack of jurisdiction. To any extent Husband's request is beyond section 452.355, we deny that request as well.

## Conclusion

For the reasons stated above, the trial court's judgment is affirmed.

_____
James M. Dowd, Judge

Robert M. Clayton, III P.J. and
Lawrence E. Mooney, J., concur.