

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| GREGORY TILLETT, | ) | No. ED107965 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the St. Louis County |
| vs. | ) | 2105FC-03561-01 |
| | ) | |
| MARGARET TILLETT, | ) | Honorable John R. Essner |
| | ) | |
| Respondent. | ) | Filed: August 4, 2020 |

James M. Dowd, P.J., Gary M. Gaertner, Jr., J., and Robin Ransom, J.

### OPINION

Gregory Tillett ("Husband") appeals the trial court's judgment entered on Husband's motion to modify his on-going maintenance obligation to Margaret Tillett ("Wife") in which the court reduced Husband's monthly obligation from $2,470 per month to $1,500 per month. Husband sought to eliminate his maintenance obligation entirely based on his argument that the court should have imputed substantial income to Wife because, according to Husband's expert witness, she was still employable after her retirement in 2012. We affirm.

### Background

The marriage between the parties was dissolved on November 8, 2005. Pursuant to the judgment of dissolution, Husband was ordered to pay Wife $2,470 per month in modifiable maintenance and to maintain at his expense a $200,000 life insurance policy with Wife as the beneficiary.

In June 2017, Husband filed his motion to modify seeking to eliminate, or at least to reduce, his maintenance obligation and also to eliminate his duty to maintain the life insurance policy. Husband alleged there had been substantial and continuing changes since the entry of the dissolution judgment. He argued that his income had decreased and that Wife had not made reasonable efforts to become self-sufficient since her 2012 retirement. Husband's motion to modify was heard on October 16, 2018. The parties filed their proposed findings and conclusions on November 19, 2018 and the matter was taken under submission.

Before the parties' divorce, Wife was employed at a doctor's office as an office manager and then at a fire department as an administrator. After the divorce, Wife was employed by the financial services company Edward Jones for 5 years. Wife voluntarily left her employment at Edward Jones at the end of 2012 in order to have knee replacement surgery. She then decided to retire due to continuing health challenges and her desire to spend more time with her family.

At trial, Wife testified that since her retirement in 2012, she had not sought employment. However, Wife presented evidence that she had made efforts to become self-sufficient by reducing her expenses. Wife also presented evidence regarding her on-going health issues including her knee replacement surgery, as well as a lengthy history of arthritis-related ailments which she claims contributed to her decision to not seek further employment.

For his part, Husband relied on the expert witness testimony of Timothy Lalk, a certified rehabilitation counselor, who opined regarding Wife's employability and potential earning capacity. Lalk testified that he found no impediment to Wife's becoming employed and he identified numerous positions that would accommodate Wife's arthritis-related difficulties. Lalk stated that the annual salary range of these positions was $20,800 to $31,200, with an average of $23,477.

On February 4, 2019, the trial court entered its judgment reducing to $1,500 Husband's maintenance obligation because the court found that Wife remained unable to provide for her reasonable needs from her current income. The court rejected Husband's claim that income should be imputed to Wife because she could and should still be working finding that Wife's decision to retire was appropriate given her age (65 at the time of trial) and her on-going health issues. Thus, the court was unpersuaded by Husband's expert's testimony concerning Wife's continued employability and earning capacity. The court also ordered that Husband shall remain obligated to maintain a $200,000 life insurance policy with Wife as the beneficiary.

After the trial court denied Husband's motion for new trial and alternative motion to amend the judgment, this appeal follows.

### Standard of Review

A trial court has broad discretion in an action to terminate or modify spousal maintenance, and its decision will not be overturned absent an abuse of discretion. *Conrad-Nuestadter v. Nuestadter*, 340 S.W.3d 660, 662 (Mo. App. W.D. 2011); *see also Murphy v. Caron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Modification of a maintenance award must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Nuestadter*, 340 S.W.3d at 662; *see also In re Marriage of Lindhorst*, 347 S.W.3d 474, 476 (Mo. banc 2011). The evidence, and all reasonable inferences therefrom, is viewed in the light most favorable to the trial court's judgment. *Borchardt v. Borchardt,* 496 S.W.3d 635, 638 (Mo. App. E.D. 2016) (quoting *Delsing v. Delsing*, 409 S.W.3d 574, 577 (Mo. App. E.D. 2013)).

3

**Discussion**

I.    *The trial court's decision to reduce Husband's maintenance obligation from $2,470 to $1,500 per month was supported by substantial evidence, was in accordance with Missouri law, and was not an abuse of discretion.*

In his sole point on appeal, Husband argues that the trial court abused its discretion and erroneously applied Missouri law by failing to eliminate entirely his maintenance obligation because he claims that since Wife could have and should have continued to work after 2012, the court should have imputed substantial income to her.

Pursuant to § 452.370,[1] a trial court may modify maintenance upon a showing of changed circumstances so substantial and continuing as to make the terms of the original maintenance order unreasonable. *Borchardt,* 496 S.W.3d at 640; *see also Stine v. Stine*, 401 S.W.3d 567, 569 (Mo. App. E.D. 2013). In determining whether a substantial change in circumstances has occurred, the court shall consider all financial resources of both parties, including the extent to which a party's reasonable expenses are, or should be, shared with a spouse or other person with whom the party cohabits, and the earning capacity of a party who is not employed. *Borchardt,* 496 S.W.3d at 640. A change in circumstances warranting modification exists where the obligor spouse is unable to pay maintenance at the assigned rate, or where the recipient of the support could meet their reasonable needs with a lesser amount of maintenance. *Id.* at 641 (citing *Rustemeyer v. Rustemeyer*, 148 S.W.3d 867, 871 (Mo. App. E.D. 2004)). The party moving for modification bears the burden of proving, through detailed evidence, that such a substantial and continuing change has occurred. *Sprouse v. Sprouse*, 969 S.W. 2d 836, 838 (Mo. App. W.D. 1998).

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

Generally, a maintenance recipient is under a continuing duty to exert reasonable efforts to attain self-sufficiency, and will not be permitted to benefit from inaction. *Markowski v. Markowski*, 736 S.W.2d 463, 466 (Mo. App. W.D. 1987). The failure of a supported spouse to make a good faith effort to seek employment and achieve financial independence within a reasonable time *may* warrant modifying the maintenance award by imputing income to that spouse. *Id.* While we recognize this affirmative obligation to seek employment, the duty of a maintenance recipient is to *expend* a good faith effort to reduce or eliminate the need for maintenance, but not necessarily to *succeed* in doing so. *Id.*

Additionally, and perhaps most relevant to the matter at hand, while an involuntary retirement may prove changed circumstances, a voluntary loss of employment *alone* is not sufficient to require modification. *Sprouse,* 969 S.W.2d at 838 (citing *Leslie v. Leslie*, 827 S.W.2d 180, 183 (Mo. banc 1992)); *see also Borchardt,* 496 S.W.3d at 641.

We now turn to Husband's main point of error—that the trial court should have imputed income to Wife because she voluntarily retired even though she was still employable according to Husband's expert witness. We disagree.

As part of its broad discretion regarding maintenance issues, the trial court here had discretion to determine whether to impute income to Wife and we will not reverse the court's determination absent a manifest abuse of that discretion. *Stine*, 401 S.W.3d at 567. The trial court's judgment is presumed valid and the appellant bears the burden of proving that the judgment is incorrect. *Id.* at 569.

The record here supports the trial court's decisions to continue Husband's maintenance obligation albeit at a lower amount and to refuse to impute income to Wife. The record shows that Wife remained employed for at least 5 years after dissolution and that she made a good faith

effort to establish self-sufficiency and financial independence by lowering her own personal expenses. The record also shows that Wife retired at an appropriate age and that she did so for legitimate reasons. Wife's extensive medical records, as well as Wife's own testimony regarding her ability to work, or lack thereof, and her desire to spend more time with her family support the finding that Wife voluntarily retired on reasonable grounds.

While we acknowledge the testimony of Husband's expert witness regarding Wife's employability and earning capacity, it was within the trial court's discretion to disregard that testimony given the substantial evidence supporting the trial court's decision including Wife's age and her significant medical challenges.

Therefore, we find the evidence in the record is sufficient to demonstrate that Wife made a good faith effort to seek financial independence post dissolution and that her subsequent retirement at an appropriate age does not justify imputation of income or the termination of her maintenance award. Husband has failed to meet his burden to show that a substantial and continuing change sufficient to warrant termination of maintenance has occurred. The evidence and legitimate reasons provided by Wife for her voluntary retirement support the trial court's determination that modification, not termination, of her maintenance award was proper. Point I is denied.

## Conclusion

For the reasons set forth above, we affirm the judgment of the trial court.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., J., and Robin Ransom, J.,  concur.

6